# Richmond.

LUDLOW v. CITY OF NORFOLK.

January 16th, 1891.

FINAL JUDGMENT—*Condemnation proceedings—Appeals.*—There must be a degree of finality about every judgment taken up to be reviewed by appellate courts. Judgment appointing commissioners to fix a just compensation for land proposed to be taken in condemnation proceedings, is not final and appealable. Code, sec. 3854.

Error to judgment of corporation court of city of Norfolk, rendered July 22d, 1890, in condemnation proceedings, wherein the said city was plaintiff, and John R. Ludlow and others, the plaintiffs in error, were defendants. Opinion states the case.

*Harmanson & Heath, J. F. Crocker* and *Walke & Old,* for the plaintiffs in error.

*Tunstall & Thom, J. F. Duncan* and *White & Garnett,* for the defendants in error.

LACY, J., delivered the opinion of the court.

On the 10th day of June, 1890, the defendant in error filed its petition in the corporation court of said city, before the Hon. D. Tucker Brooke, judge of the said court, praying that, in accordance with the resolutions of the Common and Select

Councils in the said city, certain real estate, situated in the said city, set forth in the said petition, should be acquired by the said city by condemnation for public grounds, to be laid out and established thereon; that it was impossible to acquire the said lands by purchase or agreement, and that five disinterested freeholders be appointed by the court for the purpose of ascertaining a just compensation for such lands as are wanted by the said city of Norfolk for its purposes aforesaid, and setting forth that notice of the application had been duly served, in the mode prescribed by law, upon the parties interested in said lands and owning the same.

The plaintiffs in error appeared and moved to quash the petition and proceedings in the matter, upon the ground that the city of Norfolk has no authority to condemn the property for the purpose of establishing, laying out, and maintaining public grounds, as prayed for.

This motion the court overruled, and appointed commissioners to go upon the said lands proposed to be taken by the city, and fix a just compensation therefor; to which action of the court the said plaintiffs in error excepted. Whereupon the said plaintiffs in error applied for and obtained a writ of error and *supersedeas* to the said judgment of the said corporation court.

The writ of error in this case was improvidently awarded—the order of the corporation court was interlocutory only, and not final.

"Any person who thinks himself aggrieved in any civil case wherein there is a final judgment, decree, or order, may present a petition for a writ of error or *supersedeas* to the judgment or order." Sec. 3454 of the Code of Virginia.

The order entered in this case has no element of finality. The commissioners were appointed "for the purpose of ascertaining a just compensation for so much of the lands," "embraced within the said bounds, as is *proposed to be taken* by the said city of Norfolk for its purposes aforesaid."

When this was done the report had to be returned to the court, to be then approved or rejected, as the court should be of opinion, and it might do either. The amount of damages ascertained as a just compensation might be such as to satisfy the land-owners on the one hand, or as to cause the city to abandon the project. It did not follow as a necessary sequence that the lands would be taken by the court's final order. Indeed, nothing followed as a necessary or definite result; all was still *in fieri* and indefinite.

In the case of *Trevillian* v. *Louisa R. R. Co.*, 3 Gratt., 326, a similar question was before this court. In 1836, the Louisa R. R. Company moved the county court of Hanover to appoint commissioners to assess the damages which would be sustained by Lucy Trevillian by the passage of their road through her land. The commissioners were appointed, and they made a report, which, on the motion of Mrs. Trevillian, was quashed by the court for uncertainty therein, and other commissioners were appointed. The company excepted to the opinion of the court quashing the report, and applied to the circuit superior court of Hanover for a *supersedeas* to the judgment of the county court; which was allowed. The circuit court reversed the county court, and Mrs. Trevillian appealed to this court. Judge Baldwin said: "It seems to the court that the circuit superior court had no jurisdiction to reverse the order of the county court, the same not being final, but interlocutory only. And the judgment of this court is to reverse the circuit court, and to render an order such as the said circuit court ought to have rendered; and it is considered by this court that the *supersedeas* from the said circuit superior court to the said county court be dismissed as improvidently awarded, and that the case be remanded to the said county court for further proceedings."

See, also, *Hancock* v. *Richmond and Petersburg R. R. Co., Id* , p. 328.

Appeals lie from the judgment of the court below, which is

the conclusion of the law upon the facts found in the course of the suit—the decision or sentence of the law by the court as the result of proceedings instituted therein for the redress of an injury. 3 Bla. Com., 395; 12 Minn., 437. It is said to be the end of the law. Bouvier's Dict., 51 Penn., 373; *Jeter* v. *Board*, 27 Gratt., 920; 4 Min. Inst., p. 859 and p. 22J.

Mr. Minor says that there must be a certain degree of finality about every judgment which is taken up to be reversed in appellate courts.

And we will say in this case, as was said by the court in the case of *Tucker* v. *Sandridge's Curator*, 82 Va. Rep.: "Here we have no conclusion, no final sentence, no end of the law in the court below, where the case is still pending and undetermined."

And the writ of error in this case, having been improvidently awarded, the same must be dismissed, and the case remanded for trial and final order in the corporation court of Norfolk city.

WRIT OF ERROR DISMISSED.