# CHARLESTON.

## BARBOUR COUNTY COURT v. O'NEAL.

Submitted June 11, 1896—Decided Nov. 18, 1896.

1. BASTARDY—RE-ARREST OF DEFENDANT—NEW BOND.
   In a proceeding in bastardy against the putative father, after the defendant has been arrested, the case tried before a jury, and verdict rendered, and judgment rendered upon the verdict, and the defendant has given bond, approved by the court, to insure compliance with the order of the court as to the payment of money for the maintenance of the child, the cause is ended, and the law does not authorize the re-arrest of the defendant to compel him to comply with the judgment of the court, or to give a new bond to secure such compliance.

2. JUDGMENT—MODIFICATION OF JUDGMENT—END OF TERM.
   After the end of the term, the court has no power to modify or

annul any final judgment or decree, except in certain causes, by writ of error *coram nobis* or motion under chapter 134 of the Code.

J. HOP. WOODS for plaintiff in error:

I.—*Final judgments can not be changed after term is ended.*—24 W. Va. 279, pt. 5 syl.; 39 W. Va. 19; 41 W. Va. 544 pt. 2 syl.; 76 Va. 765; Freeman, Judg. § 96.

II.—*Jurisdiction.*—Hawe's Jur. Courts, §§ 223, 225, note 7.

III.—*Deprivation of personal liberty without due process of law.* —Const. Art. III, s. 10; 12 N. Y. 209.

MELVILLE PECK for defendant in error, cited Code, c. 160, s. 4; 5 Gill (Md.) 90.

ENGLISH, JUDGE:

On the 19th day of April, 1892, S. L. O'Neal was accused before a justice of the peace of Barbour county, by Emily L. Lance, of being the father of her bastard child. Said O'Neal was arrested under a warrant issued by said justice in pursuance of said complaint. At the February term, 1894, of the circuit court of said county, said O'Neal appeared to said charge, pleaded not guilty, and the issue was submitted to a jury, who found him guilty, and upon said verdict the court rendered judgment requiring said O'Neal to pay twenty five dollars within ten days from the adjournment of the court, and annually the sum of twenty five dollars for the period of five years, to be paid on the 22d day of February for each year, for the maintenance of said bastard child, unless it sooner die, and required him to give bond before the court during the term in the penalty of three hundred dollars, conditioned for the performance of the order, with sureties to be approved by the court; and in default of said payment and execution of bond, or either, as aforesaid, said O'Neal was ordered to be confined in the county jail until such bond was executed, and said payment made. In pursuance of this order the said defendant tendered his bond with S. D. Felton his surety, for the performance of the judgment of the court aforesaid, which bond was inspected by the court, and approved, and ordered to be filed, and the defendant discharged.

On the 4th day of June, 1895, a rule was awarded against the said S. L. O'Neal, summoning him to appear before said circuit court forthwith to show cause, if any he could, why he should not be required to execute a new bond in the matter of the Barbour county court against him for bastardy, and also to show cause why he should not be committed to jail for his failure to obey the order of the court in the payment of the twenty five dollars per year to the county court of Barbour county, or to Lucy Lance, for the support of her bastard child. On the 6th day of June, 1895, the defendant appeared, admitted he had made default in the payment of the twenty five dollars to the county court of Barbour county, or to said Lucy Lance, for the support of her child, mentioned in said rule, and that both he and his surety on his former bond are insolvent; and said defendant was ordered into custody, but released on his parol until said bond could be given, and thereupon the defendant tendered his bond, which was approved by the court, and the defendant was discharged from custody. On the hearing of the rule the defendant denied the jurisdiction of the court in said matter, and made the record in the case and proceeding part of the record, and the defendant applied for and obtained this writ of error.

The errors assigned and relied upon by the plaintiff in error are as follows: First, that the court had no jurisdiction to award or hear said rule; second, that the court had no jurisdiction to enter any judgment upon the hearing of said rule, (1) because the proceeding in which the same issued was an ended cause, (2) because the remedy against petitioner was by a suit or proceeding upon the bond forfeited, and (3) because petitioner was deprived of his liberty without warrant or due process of law.

Now, as these several assignments of error involve the consideration of the same legal propositions, and are to be sustained or overthrown by an examination of the law applicable to the same legal proceedings, it will be convenient to consider them together. Did the court have jurisdiction to award said rule, or to enter any judgment upon the hearing of the same? This proceeding is a statutory one, and the mode of procedure is laid down step by step from the

accusation or complaint made by the woman to the judgment rendered by the court, and the bond required to secure its performance; and when the judgment is rendered, and the bond to insure its performance is executed with security approved by the court, it is an ended cause.

It is true, section 5 of chapter 80 of the Code provides the mode of obtaining judgment on the bond from time to time against the father and his sureties or their personal representatives for the money due, with lawful interest thereon, but the statute nowhere provides for the rearrest of the father in case he and his sureties become insolvent, and it nowhere provides that a rule may issue, as it did in this case, against the father, to show cause why he should not be required to execute a new bond for the maintenance of said child, or he be committed to jail for his failure to obey the order of the court in the payment of the money in accordance with the judgment. The statute having pointed out the only mode for the enforcement of the judgment by motion on the bond under the fifth section, the proceeding in this case by rule must be regarded as unauthorized; and the defendant appears to have been arrested and imprisoned without due process of law, and the judgment upon said rule was rendered by a court that had no jurisdiction of the party or the subject. The fact of giving a notice or rule which is unauthorized by law has no more efficacy as process than if no notice at all had been given.

In the case of *Ruhl* v. *Ruhl*, 24 W. Va. 279, this Court held (fifth point of syllabus) that: "After the close of the term, the parties to a cause in which a final decree has been pronounced are no longer in court; and no further order or decree as to them can be made therein, unless they are again brought into court by bill of review, or by some other recognized legal method. After a final decree, the court has no further jurisdiction, either of the subject-matter or of the parties, and all subsequent orders or decrees entered without notice to the parties are void." And the same ruling applies to a judgment at law. In the case of *Morgan* v. *Railroad Co.*, 39 W. Va. 19 (19 S. E. 589) Brannon, P., speaking for the Court said: "During the term,

the proceedings of the Court are said to be in the breast of the Court, and it may modify or set them aside. After the close of the term, the Court may modify or set aside any judgment or decree made at a former term, if it be interlocutory, and not final, in character. 1 Black, Judgm. § 308; *Wright* v. *Strother*, 76 Va. 857. But, after the term, the Court has no power to modify or annul any final judgment or decree, except in law cases for certain causes by writ of error *coram nobis* or motion, under chapter 134 of the Code. * * * The final judgment or decree ends the case, and neither the parties nor the subject-matter in litigation are any longer before the Court; and therefore any subsequent action in the case, being without parties or subject-matter before the Court, is null and void unless made under some lawful mode of review"—citing *Green* v. *Railroad Co.,* 11 W. Va. 686; *Ruhl* v. *Ruhl,* 24 W. Va. 279, and many other authorities.

In the light of these authorities this judgment was clearly unauthorized, and the entire proceeding under the rule must be reversed, with costs to the plaintiff in error.