# CHARLESTON

WHITE OAK RAILWAY CO. *v.* GORDON *et al.*

Submitted February 20, 1907.   Decided March 12, 1907.

1.   EMINENT DOMAIN—*Review—Decisions Reviewable—Finality of Decision.*

   In a proceeding under the statute authorizing a railroad company to take and appropriate land for its railroad purposes by paying just compensation therefore and damages to the residue of the land, an order of the court adjudicating the fact that the company has a right to so condemn the land proposed to be taken and appointing commissioners to ascertain such compensation and damages is not final and a writ of error thereto will not lic.   (p. 520.)

Error to Circuit Court, Fayette County.

Action by the White Oak Railway Company against J. J. ·Gordon and others.   Judgment for plaintiff, defendants bring error.

*Dismissed.*

MOLLOHAN, McCLINTIC & MATHEWS, for plaintiffs in error.

DILLON & NUCKOLLS, for defendant in error.

McWHORTER, JUDGE:

White Oak Railway Company, a corporation, files its petition in the circuit court of Fayette county praying for the ap-

pointment of commissioners to ascertain a just compensation for the lands of James J. Gordon, J. R. Seal, M. T. Davis and Geo. Kopmeyer proposed to be taken by the petitioner for the purposes of a railroad, filing therewith a notice to the said land owners describing the land proposed to be taken. The defendants filed their joint and separate demurrer to said petition; and James J. Gordon, John R. Seal and M. T. Davis filed their joint and separate answer to the said petition denying that the railway alleged to be intended to be constructed by said applicant was intended to be or would be for public use or for the use and benefit of the people generally and denied the right of the applicant to condemn and take the lands of the defendants without their consent; and made further denials and averments not necessary here to reiterate.

The applicant at a special term of said circuit court, on the 17th of August, 1906, tendered and filed a special replication in writing to the answer filed by defendants to which defendants rejoined generally and the court proceeded to hear the evidence and determine and decide on the applicant's right to condemn the land proposed to be taken and found that the petitioner was entitled to take the land and that same was necessary for the purposes of said railroad and would be used therefor, and that the use for which the same was sought to be taken was a public use. To which ruling of the court the defendants objected and excepted. The court then proceeded to appoint five commissioners as provided by the statute who were directed to proceed with all convenient speed to view the premises set forth in the petition, after giving the parties notice as required by law, to ascertain according to law what would be a just compensation to the parties entitled thereto for the parcels of land proposed to be taken, together with the damages to the residue of the tracts beyond the peculiar benefits to be derived in respect to such residue in the work to be constructed or the purpose to which the land to be taken was to be appropriated, and make report of their proceedings and findings to the court according to law. To each and all which rulings, actions and appointment of commissioners by said court, the defendants objected and excepted. The defendants took a bill of exceptions embodying all the evidence

taken by the plaintiff in the matter and setting forth the objections and exceptions to the rulings of the court and showing that the defendants announced that they would not then introduce any witnesses or testimony upon that hearing; and moved the court to exclude the testimony introduced and offered on behalf of the applicant as being insufficient to sustain its petition, or to justify the appointment of commissioners for the purpose of their appointment and to find for the defendants; and objected to the right or power of the court, upon the pleadings and evidence introduced, to entertain said petition or appoint said commissioners and moved the court to dismiss said petition; which motions were overruled and defendants excepted. Defendants sued out their writ of error and *supersedeas.*

It is insisted by counsel for defendant in error that the order appointing commissioners in this case was not final but a mere interlocutory order, and this point seems to be well taken, and if this is so it is unnecessary to notice the other point made in the case. In *Trevilian* v. *Railroad Co.*, 3 Grat. 326, it is held: "In controversies concerning roads, no appeal or *supersedeas* lies to an interlocutory order of the county court." The Louisa Railroad Company moved the county court of Hanover to appoint commissioners to assess the damages that would be sustained by Trevilian by the passage of their road through her land. Commissioners were appointed and made report which on motion of Trevilian was quashed by the court for uncertainty therein and other commissioners appointed. The company excepted to the opinion of the court quashing the report and applied to the circuit court of Hanover for a *supersedeas* to the judgment of the county court which was allowed. The circuit court reversed the judgment of the county court, the cause was remanded with directions to enter a judgment according to the report, from which judgment of the circuit court an appeal was allowed to the court of appeals which held that the circuit court had no jurisdiction to revise the order of the county court, the same not being final but interlocutory only. In *Ludlow* v. *City of Norfolk*, 87 Va. 319, it is held that, judgment appointing commissioners to fix a just compensation for land proposed to be taken in condemnation proceedings is not final and appealable. In *Cable Co.* v. *Railroad*

*Co. Id.*, 349, it is held that, judgment obtained by telegraph company appointing commissioners to fix a just compensation for land of the railroad company proposed to be taken for the purpose of the former in condemnation proceedings is not final and appealable.    In which case the court in its opinion says: "The general doctrine as to what constitutes a final order is well stated by Professor Minor, who says that such an order is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order."    Citing 4 Min. Insts. 860; *Burch, Mayor*, v. *Hardwicke*, 23 Grat. 51; *Alexander* v. *Byrd*, 85 Va. 690.    And this Court has in several cases held likewise.

*Puck* v. *Chesapeake & Ohio Ry. Co.*, 5 W. Va. 118, was a proceeding on the part of the railroad company to appoint commissioners to take lands for its railroad purposes.    Commissioners had been appointed and made report which was entered of record and the payment into court of the sum fixed as just compensation to the owners of the land who moved to set aside the original order appointing commissioners. The motion was overruled, from which order the owners appealed.    It was held, "that the court not having acted upon the report, there is no final judgment, and therefore the appeal cannot properly be taken."    *Railway Company* v. *Steel & Iron Co.*, 41 W. Va. 747, is a case in point and which settles the case at bar, the question therein being fully discussed and it is not necessary here to discuss it over again. It is there held in the syllabus:    "In a proceeding under chapter 42 of the Code to condemn land for the purposes of a railroad company, the court makes an order that the applicant has the lawful right to take the land in question for the purposes stated in the application upon the payment of just compensation, and appoints commissioners to ascertain such compensation.    To this order the owner of the land obtains a writ of error with *supersedeas*.    *Held:* such order is not final, but interlocutory; that there is no statute expressly authorizing such a writ to such order, and the same will be dismissed as improvidently allowed."

From these authorities, we conclude that the writ of error and *supersedeas* in this case were improvidently awarded and must be dismissed.

*Dismissed.*