# WHEELING

BLUEFIELD *v.* BAILEY *et al.*

Submitted June 11, 1907. Decided June 15, 1907.

1. EMINENT DOMAIN—*Writ of Error—Decisions Riviewable—Finality of Determination.*

In a proceeding to condemn land for a city street there is an order adjudicating that the city has a right to condemn, and appointing commissioners· to assess compensation for the land, and an order filing the report of the commissioners and allowing the money to be paid into court, and it is paid in. These orders are final in character, so°as to give this Court jurisdiction for a writ of error and *supersedeas* where the right to take is in controversy, but not where the only question is the amount of compensation. *Railroad Co.* v. *Atkinson*, 53 W. Va. 539, and *Park* v. *Railroad Co.*, 5 W. Va. 118, overruled. (p. 306.)

2. SAME—*Jurisdiction—Controversy Involving Title to Land—Condemnation Proceedings.*

A proceeding to condemn land for public use is a controversy concerning the title of land, so as to give jurisdiction for a writ of error. (p. 307.)

3. SAME—*Proceedings to Condemn—Defense.*

In a proceeding to condemn land by a city for a street, the defendant may deny that the council of the city has ordered its condemnation. (p. 308.)

Error to Circuit Court, Mercer County.

Condemnation proceedings by the city of Bluefield against A. C. Bailey and others. From an order adjudging that the city had the right to condemn, and an order filing the report of the commissioners and ·allowing the money to be paid into court, defendants bring error.

*Reversed. Remanded.*

WILLIAMS & WILLIAMS, CROCKETT & CROCKETT, and EARL RILEY, for plaintiff in error.

HAROLD A. RITZ, for defendant in error.

BRANNON, ·JUDGE:

The city of Bluefield filed a petition in the circuit court of Mercer county against A. C. Bailey and others, seeking con-

demnation of land to be used in widening a public street; and the court made an order finding and holding that the city had right to condemn the land and appointing commissioners to assess the compensation to the owners of the land; and they made report, fixing the sums to be paid, which money was allowed to be paid into court, and it was paid into court. The report was not confirmed. A jury was asked by the land owners to fix compensation. At this stage W. T. Oliver and other land owners obtained a writ of error.

The first question presented is on a motion to dismiss the writ of error as improvidently allowed, the claim being that the order is neither final nor appealable, so as to warrant a writ of error. The order holds that the right to condemn exists, thus settling a vital principle, the right to condemn, leaving it only remaining to expressly confirm the report or have a jury to pass on the amount of compensation; in other words, all that remained of further proceeding was to execute the order by fixing compensation finally. And then, too, by Code, chapter 42, section 20, after the amount reported by the commissioners had been paid into court, notwithstanding there might be a call for new commissioners or a jury or further proceeding, the city had right to "take and use the land" for the purpose specified in the application. This took the possession from the owners, and allowed the character of the land to be wholly changed and converted into a street. We hold the two orders final as regards right to a writ of error. As is said of a decree in *Cocke* v. *Gilpin*, 1 Rob. 20, when further proceedings do but execute such decree it is final. In this respect there is no difference between a decree and judgment; that is, its quality of finality. This expression has been many times approved. We cannot see why such action of a court deciding the right to condemn, appointing commissioners, receiving their report, and allowing money reported as compensation to be paid in, thus depriving the owner of possession, is not final. We do not say that a change of possession gives the right of writ of error under Code, chapter 135, section 1, giving appeal from an order changing possession of realty, as that clause relates to chancery cases; but we consider the effect of payment into court, giving the applicant right to possession,

as going to characterize the proceedings in this case as final action for the purpose of a writ of error and *supersedeas*. Ought not a land owner, in such circumstances, have right, before losing possession and having his property damaged, to go at once to an appellate tribunal? And statutes giving appellate relief are to be liberally construed to advance remedy.

Our cases are not harmonious in this matter. In *Bridge Co.* v. *Bridge Co.*, 35 W. Va. 155, this Court exercising jurisdiction for a writ of error, though the Court had only held that there was right to condemn, and appointed commissioners, but no money paid into court. In *Railroad Co.* v. *Iron Works*, 31 W. Va, 710, a writ of error was entertained after the court had adjudicated the right to condemn and appointed commissioners to fix compensation. In those cases jurisdiction seems to have been taken for granted, and it was not discussed. In *Pack* v. *Railroad Co.*, 5 W. Va. 118, in which the court of condemnation, as seems from brief of counsel, held that there was a right to condemn, and appointed commissioners, and upon their report the compensation found by it was paid into court, this Court held there was no jurisdiction to entertain the writ of error because the orders were interlocutory. The same is to be said of *Railroad Co.* v. *Atkinson*, 53 W. Va. 539. We now disapprove these two last mentioned decisions. As to *Bridge Co.* v. *Steel Co.*, 41 W. Va. 747, and *White Oak Co.* v. *Gordon*, 61 W. Va. 519, the facts in them were different from the case we decide, as, though the right to condemn had been decided and commissioners appointed, no money had been paid into court. Hence we are not called upon to decide whether they are sound or not. We confess a reluctance to overrule cases; but the two cases overruled merely give a rule of practice, and will continue to operate to public inconvenience, and in fact are deprivative of legal right, that is, ready access to the appellate court to suspend a deprivation of possession until the legality of the order can be tested. There ought to be jurisdiction in such a case as this. An instance of the hardship of the other rule is shown in *C. & O. Ry. Co.* v. *Deepwater Ry. Co.*, 57 W. Va. 641. A year and a half or two years intervened between the date of the decision of the right of the C. & O.

Co. to take the property and the date of the final ascertainment of the compensation.    Under the impression that no *supersedeas* could go in such a case to restrain the applicant from taking possession, and that no writ of error could be awarded until after the ascertainment of compensation, the Deepwater Co. yielded possession, and the C. & O. Co. entered and expended nearly $100,000 in constructing a tunnel on the property, which amount it lost by reversal of the adjudication in its favor of right to take the property.

It will be asked how can a writ of error and *supersedeas* lie to stop the applicant from taking possession, in view of the provision in Code, chapter 42, section 20, that "no order shall be made, or any injunction awarded, by a court or judge to stay him in so doing, unless it be manifest that the applicant is insolvent, or that he, or his officers, agents or servants, are transcending their authority, or that such interposition is necessary to prevent injury which can not be adequately compensated in damages."    The suggestion is made in *C. & O. Co.* v. *Deepwater Co.*, *supra*, that in such a case a *supersedeas* may issue.    We do not think that the above provision applies to process of appeal in the case itself, but refers to injunction or other order in an independent proceeding.    It is difficult to think that it was the intent to deny a suspension of the order giving right to take possession until the validity of the very order giving the right could be tested in the appellate court.    The right to a *supersedeas* exists where the right to take, as in this case, is in controversy, not where the only question is the amount of compensation.    Of course, a mere writ of error would lie where such amount is involved, but not a writ of error and *supersedeas*.    No writ of error as to compensation would lie until final judgment as to it.

We hold that a proceeding to condemn land is a controversy concerning title to land, and jurisdiction falls under that head by chapter 135, section 1, cl. 7, Code, giving jurisdiction in matters concerning title to land.    It takes title from one and vests it in another.    In this case the land owners denied the right to condemn by pleas, and the controversy was as to the right to pass title.    I had some doubt as to this source of jurisdiction.    It occurred to me that ju-

risdiction under this head refers to cases where there is controversy between two *conflicting* titles, and the suit directly involves title, not merely to take it by condemnation or by charging it with debt, especially as the city admits that defendants have title and sets up none in itself.    2 Cyc. 552; *Faulconer* v. *Stinson*, 44 W. Va, 546; *Hutchinson* v. *Selden*, 3 Munf. 202; *McClaugherty* v. *Morgan*, 36 W. Va. 193.    In *Chicago Co.* v. *Peck*, 112 Ill. 412, this jurisdiction is defined as one between competing titles.    See *C. B. & I. Co.* v. *Watson*, 105 Ill. 217; *Dickinson* v. *Mankin*, 61 W. Va. 429, citing *Greathouse* v. *Sapp*, 26 W. Va. 87.    But it has been held that condemnation proceedings involve 'title to land, so as to give appellate jurisdiction under this head. Note in 2 Enc. Pl. & Pr. 47; *Morris* v. *Chicago*, 11 Ill. 650; *In re Essex*, 44 Mo. App. 288; *Drainage Dist.* v. *Junnison*, 176 Mo. 557; Note 2 Cyc. 586; *Skinner* v. *Lake View Co.*, 57 Ill. 151.    See suggestion as to this in *C. & O.* v. *Deepwater*, *supra*.    Other members of the Court have no doubt of the jurisdiction under this head, and I shall yield my doubt.    If this is not so, I do not see that jurisdiction would exist in the grave proceeding of condemnation, unless as to amount of compensation, which is not here involved.    A member of the court suggests that there is jurisdiction on the ground that the suit concerns a road or way.    Surely the case is one of centroversy "concerning" the title to land; the right to hold and own it in future; it involves whether the owner or another shall have the land and its title.

It seems to me that the petition ought to aver that the council had authorized the condemnation, as the charter authorizes only the council to institute proceedings.    Acts 1905, chapter 3, section 32.    Certain defendants were refused leave to file a plea that the city never authorized their lands to be condemned.    Only the council could do so.    The mayor could not, nor any councilman.    It was error to reject this plea. The charter, just cited, expressly committs this power to the council.    A rejected plea averred that the real object of the proceeding to condemn was not to acquire the land for use as a public street, but that the real purpose was to acquire it for the use of the Bluestone Traction Company for street railway purpose.    What if so?    A street railroad is a public

use, very valuable to the public. Statute law authorizes municipalities to allow the use of streets for such purpose. I do not doubt that a city may acquire land for such purpose. But do we not judicially know that a street of 50 feet width may be, inevitably will be, used for other purposes also? The whole public would have legal right to use it. This plea was properly ruled out.

Another rejected plea avers that the money paid into court was furnished by William Hicks. What matters it to defendants, if Hicks chose to give or lend or advance the money to the city. The plea is immaterial.

A plea was rejected denying the averment of the petition that the city had offered to buy or acquire by purchase the lands in contest before suing. For reasons stated above as to the charter, this plea ought to have been allowed.

Objection is made that the pleas are not so identified by number as mentioned in the record as to be considered by this Court. Perhaps the pleas are numbered on the outside, but the clerk failed to number them in copying. But they bear the title of the case, and they are signed by the parties by whom, as the record says, they were tendered, and bear on their face relevancy to the matter in controversy, and are sufficiently identified. *DeBoard* v. *Camden Co.*, 57 S. E. 279; *Williams* v. *Ewart*, 29 W. Va. 659, 672.

Our conclusion is to reverse the orders made by the circuit court on the 27th day of August, 1906, and 19th day of September, 1906, as to those parties who sued out the writ of error, and remand the case to the circuit court for further proceedings according to the principles above stated.

*Reversed. Remanded.*