# CHARLESTON.

## PANHANDLE TRACTION CO. v. SCHENK *et al.*

Submitted November 18, 1913.    Decided November 25, 1913.

1. EMINENT DOMAIN—*Appeal—Orders Appealable.*
    To be final and, therefore, appealable, orders in condemnation proceedings, pursuant to Ch. 42, Code 1906, must adjudge right to appropriate to public use, ascertain and fix compensation upon report of commissioner and accept payment thereof by petitioner. Otherwise, they are ineffectual to change possession or pass title. (p. 226).

2. SAME—*Orders Appealable—Condemnation Proceedings.*
    Prior to the entry of such orders and payment of compensation a writ of error and supersedeas will not lie, and if granted will be dismissed as improvidently awarded.    (p. 227).

Error to Circuit Court, Ohio County.

Condemnation proceedings by the Panhandle Traction Company against Albert M. Schenk and others. From an order James H. Emblen, trustee, and others, bring error.

*Writ of error and supersedeas dismissed as improvidently awarded.*

*McCamic & Clarke,* for plaintiffs in error.

*F. P. McNell, Handlan & Reymann,* and *G. T. Knote,* for defendant in error.

LYNCH, JUDGE:

The Panhandle Traction Company, in July, 1911, upon notice, instituted proceedings in the circuit court of Ohio county to condemn certain lands of Albert Schenk and others for its railroad purposes. The court, in lieu of a jury, having heard the evidence introduced at the trial, found in favor of

the petitioner upon the pleas tendered and filed. Pursuant to the findings, by the same order, it appointed, as required by statute, commissioners to ascertain and report the damages by way of compensation for the lands sought to be appropriated. The commissioners viewed the lands, and ascertained and reported the damages. To the report, filed in the office of the clerk, the landowners tendered several exceptions, also filed in the clerk's office. The court entered no order subsequent to that by which it appointed the commissioners. It did not take any action upon the report, or require or permit petitioner to pay into court the amount of the compensation so found, or adjudge to petitioner the right to enter upon the lands to be thus appropriated. In fact, so far as disclosed, the petitioner did not pay or tender the compensation, nor move for permission to enter on the land.

In view of the record, and the decisions in *Wheeling Railway Co.* v. *Wheeling Steel & Iron Co.,* 41 W. Va. 747, and *White Oak Railway Co.* v. *Gordon,* 61 W. Va. 519, it is apparent that the writ of error and supersedeas were improvidently allowed, and must be dismissed.

There exists, it is true, some conflict in our cases as to the stage in such proceedings at which a writ of error and supersedeas may be allowed. But it seems finally settled, by *Bluefield* v. *Bailey,* 62 W. Va. 304, that, where there is an order adjudicating the right of the applicant to condemn, followed by the appointment of commissioners to assess compensation, and a report by them, and an order allowing the money to be paid, and its payment into court, and not otherwise, such writ and supersedeas is proper. These are the essential preliminary or antecedent stages by which the right to a change in the possession of the land is established, pursuant to the statutory requirements, before the final consummation of which the writ may not be properly awarded. But in this case this stage had not been reached. This ruling is sustained by *Railroad Co.* v. *Railroad Co.,* 45 Col. 222; *Erie Railroad Co.* v. *Steward,* 69 N. Y. S. 57; St. *Johnsville* v. *Smith,* 70 N. Y. S. 880; 2 Lewis on Em. Dom. (3rd Ed.) §803; 15 Cyc. 949. See also *Ludlow* v. *Norfolk,* 87 Va. 319; *Cable Co.* v. *Railroad Co.,* 87 Va. 349; *Trevillian* v. *Railroad Co.,* 3 Gratt. 326; *Luxton* v.

*Bridge Co.*, 147 U. S. 337; *Southern Railroad Co.* v. *Postal Telegraph Co.*, 179 U. S. 641.

Writ dismissed as improvidently awarded.