# CHARLESTON.

STATE *ex rel.* COUNTY COURT OF TYLER COUNTY *v*. HON.
P. D. MORRIS, JUDGE, *et al.*

Submitted April 25, 1922.  Decided May 23, 1922.

1. CORPORATIONS—COUNTIES—*President of County Court With-
   out Authority of Court has no Authority to Prosecute Suits
   or Employ Counsel on Behalf of Court for that Purpose.*

   The president of a County court without specific authority
   of the court entered of record has no authority to institute or
   prosecute suits or actions on behalf of the county court, or
   to employ counsel on behalf of the court for that purpose.
   (p. 270).

2. DISMISSAL AND NONSUIT—*Suit on Behalf of County Court
   Should be Dismissed Upon Failure of President or Attorney
   When so Requested to Produce Satisfactory Evidence of
   Specific Authority to Bring Same.*

   A defendant in a suit brought on behalf of a county court
   without such specific authority, by an attorney so employed,
   if he acts promptly, may call upon the president of the court
   and upon such attorney to show their authority, and without
   the production of satisfactory evidence thereof, such suit
   or action should be dismissed.  (p. 272).

Original proceeding in prohibition by the State, on the re-
lation of the County Court of Tyler County by Ben Hard-
man, President, against Hon. P. D. Morris, Judge, and others,
to prevent further proceedings in two actions at law in which
Zanie A. Hill is plaintiff and said County Court is defend-
ant.

*Rule dismissed.*

*J. H. Strickling,* for relator.
*Underwood & Moore,* for respondents.

MILLER, JUDGE:

. On a petition purporting to be that of the relator, by
Ben Hardman, President, a rule in prohibition was awarded
at a former day of the present term, requiring the Hon.
P. D. Morris, Judge of the Circuit Court of Tyler County,

and Zanie A. Hill, to appear on April 25, 1922, to show cause why a writ of prohibition should not be awarded prohibiting said Morris, Judge, from further proceedings in two actions at law, in which the said Zanie A. Hill is plaintiff and the County Court of Tyler County is defendant, pending in said court upon appeal by the petitioner from the judgment of a justice.

On the return day of the rule respondent Zanie A. Hill appeared, and upon her affidavit and the certificate of the clerk of the said County Court of Tyler County, obtained a rule against said Hardman and J. H. Strickling, the persons who signed the said petition, respectively as president and attorney of the relator, to show by what authority they had brought the present proceeding and why the same should not be dismissed for want of authority to institute the same.

And without waiving her said motion, she and Judge Morris filed their separate returns to the rule in prohibition, among other things denying the authority of said Hardman or said Strickling, and alleging affirmatively that the county court of said county had not authorized this suit by any order of record, or otherwise, and that the same had been instituted and was being prosecuted wholly without authority of said court.

Certainly, if said proceeding was instituted without authority, the motion to dismiss should prevail, and it would be improper for us to proceed to consider or dispose of the case on its merits. No returns have been made to the rule to show cause against dismissal. Considerable testimony was taken and filed here on the issues presented by the pleadings, and in connection therewith also on the question of the authority of Hardman, president, and of Strickling, attorney, to institute and prosecute the suit. The records of the county court are silent on the subject, but the evidence of the clerk and one of the other members of the court shows affirmatively that the suit was never authorized, and that the action of Hardman, president, and of the attorney employed by him was wholly

without court action, or by any member thereof except said Hardman. Of course the action of the attorney was blameless. Hardman, the president, verified the petition, and being president, it would be unusual for counsel in such cases to question the president's authority; but he being without authority the proceeding will have to be stayed and dismissed.

We need not, and we do not, intend to indicate what implied authority the president of a county court may have to defend suits or actions brought against the county, but his right to employ counsel in that behalf without specific authority given may well be questioned in view of the fact that the statute imposes the duty to defend and prosecute suits on behalf of the county court upon the prosecuting attorney. But that question is not before us. The question here is as to the president's authority to institute this suit and to employ counsel without authority specifically given by the court. Neither section 3a (2), chapter 39 Barnes' Code 1918, nor any other provision of the law gives the president of the county court right to institute and prosecute suits and employ counsel therefor. Nor can any such power be implied from any of the other provisions of said chapter. Nor could the court or any of the commissioners act or transact such business except when in session and in the manner provided by law, that is by record of its proceedings. *Goshorn's Ex'rs* v. *County Court of Kanawha County,* 42 W. Va. 735. As said in that case, by section 46 of said chapter, all proceedings of the county court are required to be entered of record. Without this there is no binding action of the court. The case cited was followed and applied in *Barbor* v. *County Court of Mercer County,* 85 W. Va. 359, involving the appointment of a manager of the county poor farm and his right to the salary appurtenant to the office. And in *County Court* v. *Brammer,* 68 W. Va. 25, 34, it was said: "County courts are of special and limited jurisdiction, and no presumption is indulged in favor of their jurisdiction which must appear from the record." In the case at bar it is not pretended

that there was action by the court or any attempted action by the commissioners on the outside, except by Hardman, president, nor is there any evidence that his act was subsequently considered or ratified by proceedings in or out of court. So that we have the bare fact of action by Hardman, without authority.

But may the respondents, Morris, Judge, and Mrs. Hill, interpose the want of authority of Hardman and Strickling, defendants to the rule against them, to secure dismissal of the case on the motion of either defendant to the rule? A defendant is always vitally interested in the question whether the suit or proceeding against him was begun by authority of the plaintiff. In *Bluefield* v. *Bailey*, 62 W. Va. 304, 308, a suit to condemn land, it was held to be error to reject the plea of defendants that the suit had been instituted without municipal authority.

And if seasonably raised and properly brought in question an attorney may always be called upon to produce satisfactory evidence of his authority, and upon his failure to produce such authority, the suit or proceeding should be dismissed. The only authority to which the attorney in this case can refer is that of the president of the county court, who was himself wholly without authority, as affirmatively shown by the record in this case.

Such being the status of the case, we are of opinion that defendant's motion to dismiss should prevail, and it will be so ordered.

*Rule dismissed.*