# CHARLESTON.

SEWELL VALLEY RAILROAD COMPANY *v.* JAMES McCLUNG *et al.*

(No. 5646)

Submitted April 21, 1926.   Decided April 27, 1926.

EMINENT DOMAIN—*In Proceeding to Condemn Land for Railroad, Order Adjudicating Rights of Applicant to Take Land, and Appointing Commissioners to Ascertain Just Compensation to Owner, is Not Final Order, to Which Writ of Error Will Lie to Supreme Court of Appeals (Code, c. 42, § 14).*

> In a proceeding under chapter 42 of the Code, to condemn and take land for railroad purposes, an order adjudicating the rights of the applicant to take the land and appointing commissioners to ascertain what will be just compensation and damages to the land owner, is not a final order to which a writ of error will lie to this court.

(Eminent Domain, 20 C. J. § 473.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc Not part of syllabi.)

Error to Circuit Court, Greenbrier County.

Proceeding by the Sewell Valley Railroad Company against James McClung and others to condemn land. An order was entered condemning land, and appointing commissioners to determine compensation to the landowners, and defendants bring error.

*Writ or error dismissed.*

*J. S. McWhorter,* for plaintiffs in error.
*Dice & Easley,* for defendant in error.

MILLER, JUDGE:

In this statutory proceeding to condemn land for railroad purposes, the circuit court found that the applicant had lawful right to take the property described in its petition, and that the land proposed to be taken was necessary for the purposes set out in the petition; and appointed commissioners, pursuant to section 14 of chapter 42 of the Code, to ascertain according to law what would be just compensation for the land proposed to be taken. From this order certain of the land owners interested obtained the present writ of error. No further proceedings appear in the record.

In view of our decisions it becomes apparent that the writ of error will have to be dismissed as improvidently awarded.

The following cases hold that in a proceeding under the statute to condemn and take land for railroad purposes, an order adjudicating the rights of the applicant to take the land and appointing commissioners to ascertain what will be just compensation and damages to the land owner, is not a final order to which a writ of error will lie: *Wheeling Railway Company* v. *Wheeling Steel & Iron Company,* 41 W. Va. 747; *White Oak Railway Company* v. *Gordon,* 61 W. Va. 519; *Panhandle Traction Company* v. *Schenk,* 73 W. Va. 226. In *City of Bluefield* v. *Bailey,* 62 W. Va. 304, it was held that where there is an order adjudicating the right of the applicant to condemn, followed by the appointment of commissioners to assess compensation, a report by them, an order allowing the money to be paid, and its payment into court,

and not otherwise, a writ of error and supersedeas is proper. The writ will therefore be dismissed.

*Writ of error dismissed.*