HOWE P. COCHRAN *et al. v.* HONORABLE J. B. SOMMERVILLE *Judge, et al.*

(No. 7317)

Submitted May 24, 1932. Decided June 7, 1932.

*McCamic & Clarke* and *Jay T. McCamic,* for petitioners.

*O'Brien & O'Brien,* for respondents Wheeling Mould & Foundry Co.

WOODS, JUDGE:

Howe P. Cochran and Harry Schwartz seek a writ of prohibition restraining the judge of the circuit court of Ohio county from entering any order other than a final decree in a certain chancery cause in which they are plaintiffs and Wheeling Mould & Foundry Company, a Deleware corporation, and Wheeling Mould & Foundry, a West Virginia corporation, are defendants, on the theory that a demurrer to the bill had been overruled, and that by virtue of Code 1931, 56-4-56, no answer having been filed within the time therein required, a default decree goes as a matter of course.

The bill, upon attachment, was filed at August Rules, 1931. At the September term following the defendant companies appeared, by counsel, and demurred thereto and moved to quash the attachment therein. The matters arising on such motions were argued on October 10th, and the same taken under advisement by the chancellor, who, on December 18th, handed down a memorandum, stating: "Motion to quash affidavit and attachment overruled." A special term was called for the following day. The attorney for the plaintiffs, being elsewhere professionally engaged, prepared an order not only overruling the motions made in the attack on the attachment, but overruling the demurrer to the bill, as well. This order was entrusted to his brother with instructions to see the defendants' counsel and get their endorsement thereon before presenting it to the court. Counsel, however, ob-

jected to any action being taken on the demurrer on the ground that such was beyond the statement of the court as to the matters so considered by him in his memorandum. The order was entered, as drafted, and in due time motion made, under Code 1931, 56-4-56, for a decree by default. Counsel for defendants appeared in opposition to the motion, and asked to have the order of December 19, 1931, overruling the demurrer, set aside, and an order entered in accordance with the court's memorandum of December 18, 1931. On March 4, 1932, the court gave counsel a memorandum to the effect that under the circumstances the time for filing answers in the cause would be extended to, and including, March 19th. And, on March 14th, a formal order was entered vacating the order of December 19, 1931, on the ground that the same had been inadvertently entered, which order also overruled the demurrers as of March 4th and gave defendants until the 19th of March in which to file their answer.

The question raised in the present proceeding is, Did the court, at a subsequent term, have authority to set aside the order as having been entered by mistake and adventitious circumstances?

The section of the Code, hereinbefore referred to, reads as follows:

"A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation; and if he fail to appear and answer the bill within such fifteen days, or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him for the relief prayed for therein, or the plaintiff may proceed against such defendant in the manner prescribed by section sixty-six of this article. Any answer filed in the clerk's office in vacation pursuant to the provisions of this section shall have the same status and effect as if filed in term."

It is significant that the court, in the memorandum handed counsel, did not speak of any contemplated action on the demurrer. Counsel for defendants made objection to the entry of the order overruling the demurrer, upon its presentation to the court. After brief and informal discusion with Judge Sommerville, the matter was left in the hands of the court, with the understanding, according to counsel for defendants, that no order overruling the demurrer would be entered until there had been a further hearing on the matter, at which hearing the attorney for plaintiffs was to be given an opportunity to amend his proposed order, or present arguments in support of his contention that the same should be entered in its original form. This understanding of counsel seems to have been the understanding of the court. It is argued in support of the issuance of a writ of prohibition that the court could have done aught but enter the decree, inasmuch as the motion to quash the attachment really decided the case so far as the demurrer to the declaration was concerned. In the light of the evidence offered we cannot give credit to this contention. It is apparent by the memorandum of the judge that a ruling on the demurrer at the special term was not anticipated by him, and according to his own words, the order prepared overruling the demurrer was "inadvertently" entered. We are led irresistibly to the conclusion that the court, whether wisely or unwisely, gave the defendants to understand that they would be heard at some future time as to the entry of the order.

In *Sigmond* v. *Forbes,* 110 W. Va. 442, 158 S. E. 677, it was held that a misunderstanding among counsel may constitute good cause. So far as the case here is concerned, counsel for defendants, according to their understanding, had no reason to believe that any action had been taken on the demurrer until plaintiff's counsel moved on February 11, 1932, for a decree by default. And in this they are amply supported by the court's statement that the order was inadvertently entered. Good cause was sufficiently established. But has the order become final by reason of the fact that the term at which it was entered has ended? According to our decisions an order overruling a demurrer is interlocutory in

its nature, and may be set aside at a subsequent term. *Barbour County Court* v. *O'Neal,* 42 W. Va. 295, 26 S. E. 182; *Rheims* v. *Standard Fire Ins. Co.,* 39 W. Va. 672, 20 S. E. 670; *Clarke* v. *Railroad Co.,* 39 W. Va. 732, 20 S. E. 696. We do not take it that such an order loses its interlocutory nature by reason of the statute hereinbefore quoted. However, in order to give life to the statute, we are of opinion that a court would not be justified, by virtue thereof, in setting aside an order overruling a demurrer except for good cause; otherwise such practice would become a subterfuge for avoiding the clear import of the statute.

Therefore, the writ must be refused.

*WritACT refused.*