STATE *ex rel.* UNITED FUEL GAS COMPANY

*v.*

MAX DeBERRY, *Judge of the Circuit Court of Doddridge County, West Virginia,* O. C. HAUGHT, BLANCHE T. HAUGHT, O. V. HAUGHT *and* M. W. OGDEN, *Trustee.*

(No. 9957)

Submitted June 19, 1947.   Decided July 11, 1947.

*Bernard J. Pettigrew, J. Edward Litz,* and *Harold A. Ritz,* for relator.

*Maxwell & Young* and *Haymond Maxwell, Sr.,* and *P. Douglass Farr,* for respondents.

LOVINS, JUDGE:

In this original proceeding in mandamus, commenced by United Fuel Gas Company against Honorable Max DeBerry, Judge of the Circuit Court of Doddridge County, West Virginia, O. C. Haught, Blanche T. Haught, and O. V. Haught, relator seeks a peremptory writ of mandamus requiring said judge to rule on the sufficiency of a bond filed by it in a condemnation proceeding under Code, 54-2-15.

United Fuel Gas Company, on May 20, 1947, presented its verified petition to said judge, alleging that petitioner is engaged in the business of producing, transporting and delivering gas at various places in West Virginia by pipe line; that the gas so produced, transported and delivered.

is for public use; that petitioner is invested with the right to condemn lands and interests therein for the purpose of constructing, operating and removing said pipe lines and appurtenances thereto; that in furtherance of its public use, it is necessary that petitioner construct a twenty-inch pipe line approximately fifty miles in length; that the route for said pipe line has been selected and the rights of way secured throughout said route, except those rights of way in and over seven tracts of land; that the surface, oil and gas of one of said tracts of land belongs to O. C. Haught and O. V. Haught, while the coal in and underlying said tract is owned by M. W. Ogden, as trustee; that Blanche T. Haught has an inchoate right of dower in said tract; that said tract is situate in Doddridge County; and that it comprises 119 acres 37 poles, more or less. It is further alleged that no other person has any interest in said land, and upon information and belief, no liens or encumbrances exist against the same. Relator also avers that it was unable to agree with the owners of said land as to the purchase price to be paid for the easement and right of way desired.

The petition filed in the condemnation proceeding describes the easement sought to be acquired as a strip or parcel of land lying twenty-five feet on either side of the center line of said pipe line, which center line is described therein by courses and distances between fixed termini and by references to other fixed landmarks. Originally the petition alleged that the fifty-foot strip of land was to be used for a period of time not to exceed ninety days, and thereafter that a perpetual right of way "of only sufficient width on either side of the center line for the purposes of operating, maintaining and finally removing said pipe line" was to be held. A map or plan showing the location of the tract of land owned by the Haughts and Ogden, Trustee, and the location of the pipe line on said land was filed with and made a part of the petition.

The petition further avers that an easement of less than a fee in the land was sought to be acquired; that the land-

owners would not be deprived of the rights to cultivate and graze the same, inasmuch as the gas company would bury said pipe line below the depth required for cultivation; and that there would be no interference with the possession of the owners of the land, except to make repairs and do the work required to construct, maintain and finally remove the pipe line. The petition also avers that it would not invade the dwelling house of any person or any space within one hundred feet thereof, nor would it erect any tanks for the storage of gasoline within one hundred feet of any occupied dwelling house.

The gas company alleged in its petition that the immediate construction of the pipe line is an urgent and public necessity, so as to prevent a shortage of gas for public use during the winter of 1947-48, and that delay in its construction will occasion needless and substantial expense to petitioner.

A bond in the penalty of six hundred dollars was filed with the petition, signed by petitioner, with The American Surety Company of New York as surety thereon. Notice was given to the owners of the land apprising them of the filing of the petition and the application to be made to the Circuit Court of Doddridge County in the vacation of the court.

Petitioner prayed that the bond be approved; that an order be entered permitting it to enter upon and take possession of the property and use the lands sought to be taken for the purposes set forth therein; that five freeholders be appointed as commissioners to ascertain a just compensation for the land proposed to be taken; and that, upon ascertaining said compensation, the easement described be vested in the gas company..

Pursuant to the application, the judge of said circuit court entered a vacation order reciting the service of the notice and the filing of the bond. The owners of the land objected to the sufficiency of the petition on the ground that same did not define the character and description of the easement and rights of way sought to be acquired.

The owners also objected to the condition of the bond on the ground that the same did not conform to the language of the statute authorizing such bond, and to the penalty of the bond, on the ground that it was in an insufficient amount.

When said objections were made, petitioner was permitted to amend its petition by deleting therefrom that part of the description of the easement which referred to the temporary use of the fifty-foot strip for ninety days. Thereafter the petition, as amended, was filed without objection. No plea traversing the facts alleged in the petition, nor demurrer challenging its legal sufficiency was interposed by defendants. By order entered on May 20, 1947, it was adjudged that petitioner had a lawful right to take an interest in the land described in its petition and notice, for the purposes set out in the petition; and that the easement in said lands so proposed to be acquired was necessary for the purposes set forth in the petition and would be so used. Thereupon, five freeholders were selected as commissioners to ascertain a just compensation for the easement to be taken and said commissioners were directed by the judge of the circuit court to view the premises, hear proper evidence, and ascertain a just compensation to the parties for the easement sought to be acquired.

Objections to the bond having been filed and made a part of the record, the matters arising thereon were set down to be heard at a special term of the Circuit Court of Doddridge County, to be held on June 5, 1947.

Pursuant to the vacation order of May 20, 1947, petitioner appeared on June 5, 1947, tendered a rider to the bond theretofore filed, which increased the penalty of said bond from six hundred to one thousand dollars, and which deleted a portion of the bond formerly filed and inserted in lieu thereof a new paragraph in which the words of the statute authorizing the bond were used. Petitioner then moved that the bond, as amended, be approved and that relator be permitted to enter upon and take possession of

the land described in its petition. No objections were interposed to the bond as amended, except as to the amount of the penalty thereof and the rider to the bond was ordered filed at the hearing on June 5, 1947.

At the hearing on June 5, 1947, the circuit court considered the petition, as amended, and held that a petition, substantially complying with the statute, was a condition precedent to the right of entry, and, without any demurrer or plea to said petition, held that the same was insufficient in the following particulars: "(1) The petition does not 'describe with reasonable certainty the property proposed to be taken' * * *; (2) The petition does not specify 'the particular estate less than fee it is proposed to take' * * *; (3) The petition does not fully 'state the use for which the estate is to be appropriated' * * *; (4) Since the pipe line is to be laid below the surface of the ground, the petition does not specify the names of all of the owners * * *; (5) After amendment of the description of the land to be taken at the bar of the court, * * * the petition was not again executed and verified * * *."

Leave was given petitioner to amend its petition, and, not being then advised, the petitioner requested that a further hearing be had on June 14, 1947.

In the meantime petitioner sought and obtained from this Court a rule in mandamus, which was served on respondents on the 12th and 13th days of June, 1947, respectively. On June 14, 1947, petitioner appeared in the Circuit Court of Doddridge County, and declined to amend its petition. Thereupon the circuit court dismissed the condemnation proceeding "* * * subject to the action of the Supreme Court of Appeals in the mandamus proceeding therein pending of United Fuel Gas Company against Max DeBerry, Judge, and others, * * *."

The respondent, Max DeBerry, judge as aforesaid, filed a plea in abatement in this Court, alleging that the petition for mandamus is verified by a person who was not personally present and, accordingly, could have no knowledge of the facts averred in the petition. Written objections

were made to the plea in abatement. In appraising the plea in abatement and the objections thereto, we note that the verification of relator's petition follows the form prescribed by Code, 56-4-64. The verification of a petition in mandamus prescribed by Code, 53-1-3, does not require the oath of an eyewitness. An oath on information and belief is sufficient, and the source of the information is immaterial so long as it is believed to be true. Moreover, the plea in abatement does not deny any of the material facts alleged in the petition. The plea in abatement is without merit and is rejected.

In this proceeding relator contends that once the right to condemn land is adjudicated and commissioners are appointed, the remaining duties of the trial court in a condemnation proceeding are ministerial and not judicial. This contention is based on the following: "When a court has determined that the use for which property is condemned is a public use, its judicial function is gone and the legislative discretion is unrestrained. Whether the proposed plan will accomplish the end proposed, or to what extent it will be beneficial to the public, are not matters to be determined by the court; these are matters belonging to the legislative discretion." *Gas Co. v. Lowe and Butler,* 52 W. Va. 662, 664, 44 S. E. 410. The *Lowe and Butler* case cites the case of *Varner v. Martin,* 21 W. Va. 534, 551. The *Varner* case is likewise cited in the cases of *Hydro-Electric Co. v. Liston,* 70 W. Va. 83, 73 S. E. 86; *Carnegie Nat. Gas Co. v. Swiger,* 72 W. Va. 557, 570, 79 S. E. 3; and *Hays v. Oil Company,* 75 W. Va. 263, 83 S. E. 900. We think that so far as the language is applicable, it states a correct proposition of law, but the foregoing language must be read, considered and applied in the light of the context of the opinions wherein it appears. Clearly the Court was considering constitutional questions of policy relative to the object and public benefit of legislative enactments concerning the exercise of the power of eminent domain. Though the language seems to be all-inclusive, we do not give it the broad implication urged by relator. After commissioners are appointed there still remains the

judicial function of ascertaining the amount of just compensation to which the landowner is entitled, under the provisions of Section 9, Article III, of the Constitution of this State. The Legislature may determine the private property needed for public purposes, but, when the taking has been authorized by the Legislature, the question of compensation is judicial, and a court may not be precluded from determining the amount of such compensation by rules for its computation prescribed by the Legislature. *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, 13 S. Ct. 622, 37 L. ed 463. See 2 Lewis Eminent Domain, 3rd ed., Section 683. The Legislature of this State, by enactment of the various provisions of Chapter 54 of the Code, has committed to the courts the task of ascertaining the compensation to be paid the owners, which task involves the exercise of judicial functions.

Respondent, Max DeBerry, Judge, filed his demurrer and answer to relator's petition and the landowners filed their demurrer and answer thereto. Relator demurred to the answer of respondents. Though the answers of respondents deny some of the allegations of the petition herein, we do not think the issues of fact thereby raised are essential or material for the decision of the question presented in this proceeding.

The primary question is: Has relator made such showing in the condemnation proceeding as to entitle it to the approval or rejection of the amended bond filed therein, and, if said bond is approved by the Circuit Court of Doddridge County, or the judge thereof, is it the duty of said court or judge to make an order permitting relator to enter upon, take possession of, and appropriate and use the easement sought to be condemned pending the final determination of the condemnation proceeding?

The application and scope of the remedy of mandamus, as applied to the instant case, are first to be considered. Mandamus does not lie to control the exercise of discretionary judicial functions. *Ebbert* v. *Bouchelle,* 123 W. Va. 265, 14 S. E. 2d 614. The applicable rule is well stated in

the following language: "*Mandamus* will not lie to control the exercise of the discretion of any court, board, or officer when the act complained of is either judicial or *quasi* judicial in its nature. * * * An inferior tribunal may be compelled to act in such cases, if it neglects or refuses to do so, but *mandamus* is not a remedy by which it can be compelled to enter any particular judgment, or to act in any particular manner. By this writ, the inferior court, board or officer can only be compelled to move, but not to move in any particular way. Its discretion cannot be controlled. * * * If the court is proceeding to act, and commits an error, or has completed its function and erred in doing so, the remedy, if any, is by some form of appellate procedure." *Fleshman* v. *McWhorter,* 54 W. Va. 161, 163, *et seq., 46* S. E. 116. If an inferior tribunal refuses to exercise its discretion and render judgment, mandamus lies to compel it to act, but the manner of its action or the result of its decision cannot be controlled. *Miller* v. *County Court,* 34 W. Va. 285, 12 S. E. 702; *Buxton* v. *O'Brien,* 97 W. Va. 343, 125 S. E. 154.

In this proceeding the Judge of the Circuit Court of Doddridge County is vested with discretion relative to the approval of the bond, but has failed to exercise that discretion. He assigns as grounds therefor the insufficiency of relator's petition filed in the condemnation proceeding.

Being mindful that relator's petition filed in the condemnation proceeding was not challenged by plea or demurrer, nevertheless we have appraised the statutes relative thereto. A petition in condemnation must be in writing, must be verified, and, if an estate less than a fee is proposed to be taken, the petition shall describe with reasonable certainty the particular estate less than a fee which is proposed to be taken. The name of the owner or owners thereof must be stated, and the manner and extent of their respective interests. The petition must state whether any liens or conflicting claims as to such real estate are in existence; the nature and amount of said liens and claims; and the names and places of residence of the persons who hold the same so far as known to petitioner.

It must set forth the use to which the estate so proposed to be taken is to be appropriated. Code, 54-2-2. Furthermore, the petition should state that the tract of land sought to be taken lies wholly or partially in the county in which the proceeding is instituted; and that the property may be lawfully taken for a public use. Code, 54-2-1. The petition should further state that notice has been given in accordance with Code, 54-2-3, 4. Under Code, 54-2-15, the petition should state that petitioner is entitled to "* * * exercise the powers of eminent domain under * * *" Chapter 54 of the Code; and that the purposes for which the property is to be appropriated is a public use for which private property may be taken upon compensating the owner.

We have carefully considered the objections made to the petition, and are of the opinion that they relate to procedural, rather than jurisdictional questions and are convinced that, under the provisions of the statutes adverted to above, the petition substantially complies with the jurisdictional requirements enumerated. We do not pass on the sufficiency of the "objections" to the petition except to note that they more or less seem to be without substance. We advert to the following pertinent authorities: *Carnegie Nat. Gas Co.* v. *Swiger, supra; Fonticello Mineral Springs Co.* v. *City of Richmond* (Va.), 137 S. E. 458; 2 Lewis Eminent Domain, 3rd Ed., Section 716; 29 C. J. S., Eminent Domain, Section 197.

The amendment to the petition was made on May 20, 1947, with the approval of the respondent judge and without objection on the part of defendants who were then and there present. In such circumstances we do not deem it proper to raise now a question as to the sufficiency of the verification of the petition. Moreover, the effect of the amendment was to delete from the original petition a time limitation as to the easement sought to be acquired by relator, but did not change any substantive right or otherwise vary the facts upon which the relief sought was based. The amendment was inconsequential and the ef-

fect of the amendment, no objection being made thereto, did not in any way affect the sufficiency of the verification of the petition.

The adjudication made by the Judge of the Circuit Court of Doddridge County on May 20, 1947, in the absence of plea or demurrer challenging the petition, was proper, and we have been shown no reason why it should have been modified or vacated.

The vacation order of May 20, 1947, was not a final order in the sense that a writ of error would lie thereto, and such remedy is not now available to relator. *Bridge & T. R. Co.* v. *Steel & I. Co.*, 41 W. Va. 747, 24 S. E. 651; *White Oak Railway Co.* v. *Gordon*, 61 W. Va. 519, 56 S. E. 837; *Railroad Co.* v. *McClung*, 101 W. Va. 531, 133 S. E. 315. For instances in which a writ of error does lie, see *Bluefield* v. *Bailey*, 62 W. Va. 304, 57 S. E. 805. The distinction between the instant case and the case of *Bluefield* v. *Bailey*, *supra*, lies in the fact that the commissioners have made no report in the instant case, and no money has been paid into court. See *Traction Co.* v. *Schenk*, 73 W. Va. 226, 80 S. E. 345.

"A court can set aside at one term an interlocutory order made * * * at a former term, but not a final judgment. * * *" *Clarke* v. *Ohio River R. Co.*, 39 W. Va. 732, 20 S. E. 696. See *Rheims* v. *Insurance Co.*, 39 W. Va. 672, 689, 20 S. E. 670; *County Court* v. *O'Neal*, 42 W. Va. 295, 299, 26 S. E. 182; 1 Black on Judgments, 2d Ed., Section 308; 1 Freeman on Judgments, 5th Ed., Sections 143-200. But good cause must be shown for setting aside such interlocutory decree. *Cochran* v. *Sommerville*, 112 W. Va. 438, 164 S. E. 506.

But in the condemnation case herein considered the petition of relator was not properly challenged by demurrer, nor was there any plea disputing the facts alleged therein. Objections were made to the petition, which is not the proper manner in which to challenge a pleading. See Code, 56-4-36. So far as this record shows the petition of the relator filed with the Judge of the Circuit Court of

Doddridge County has not been effectively challenged, nor denied, although procedural objections were spread upon the record of said court.

At the hearing held on June 5, 1947, the only question before the Circuit Court of Doddridge County pertained to the sufficiency of the bond filed by relator as to the form and amount thereof. The form of the bond has not been challenged after its amendment, as it is alleged and not denied that the bond, as amended, follows the exact language of the statute. Even if the condition of the bond is not in the exact words of the statute, being a statutory bond and given for the plain purpose of complying with Code, 54-2-15, the condition of the bond is to be read as though given in literal compliance with the statute "adding what is necessary to bring the bond up to the terms of the statute or subtracting what is necessary to restrict it to those terms." *Powder Co.* v. *Chase & Gilbert Co.*, 124 W. Va. 298, 20 S. E. 2d 890; *Products Co.* v. *Logan*, 113 W. Va. 703, 169 S. E. 400; *Lumber Co.* v. *Smithey*, 107 W. Va. 482, 148 S. E. 850; *Chambers* v. *Cline*, 60 W. Va. 588, 55 S. E. 999.

No question is raised as to the sufficiency of the surety on the bond. Therefore, the only question remaining is the sufficiency of the amount of the penalty of the bond. A determination of that question calls for the exercise of judicial discretion which we will not control by mandamus. However, we do require by the issuance of a peremptory writ of mandamus that the respondent Judge De-Berry exercise that discretion. When he is satisfied as to the amount of the penalty of the bond, Code, 54-2-15, becomes mandatory, and requires that he "* * * shall approve the bond and make an order permitting the applicant to enter upon, take possession, appropriate and use the land or property sought to be condemned for the purposes stated in the petition."

For the foregoing reasons the peremptory writ of mandamus is awarded as set forth in the order heretofore entered in this proceeding.

*Writ awarded.*