HILLARY CHANEY *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 9674)

Submitted January 10, 1945. Decided March 6, 1945.

*Chas. L. Estep,* for appellant.
*Ira P. Hager,* for appellees.

522

Lovins, President:

This appeal comes to this Court on petition of claimant's employer. The validity of an order entered by the Workmen's Compensation. Appeal Board on October 7, 1944, is the sole question presented.

Claimant, Hillary Chaney, was employed as a coal loader by Youngstown Mines Corporation, and in the course of such employment on October 11, 1940, suffered a simple fracture of the bones of his left leg near the ankle. Compensation benefits were paid claimant on a total temporary basis until June 8, 1941. Shortly after the cessation of such payments, claimant resumed his former employment, but on account of the effect of his injuries later ceased work.

Thereafter he was examined by physicians at the direction of the commissioner, and was awarded compensation benefits on the basis of a ten per cent permanent partial disability. On objection by claimant, and after a hearing held pursuant to statute, the award above mentioned was on April 14, 1942, increased to twenty-five per cent, and claimant was notified of such increase. In ordinary course, the last payment of the twenty-five per cent award should have been made on or about September 13, 1942, but the record is not clear as to the exact date of such payment. However, claimant on September 29, 1942, made application for further adjustment of his claim, which, being refused, claimant filed his objection to the commissioner's finding, and another hearing was held. Upon completion of the hearing the commissioner on March 25; 1944, affirmed his former order and refused further adjustment of the claim. The pertinent portion of the order entered by the commissioner denying additional compensation reads as follows: " * * * and the claim is, therefore, to remain closed upon a finding of fact that with the payment of compensation heretofore made herein upon a 25% permanent partial basis, the claimant has been amply compensated for any disability arising out of his injury of October 11, 1940; * * *." But in a letter addressed to claimant and his employer signed

by the secretary of the commissioner purporting to quote the commissioner's order, the prior award on a permanent partial basis is erroneously set forth as fifteen per cent. After the finding of the commissioner last mentioned, claimant appealed to the Workmen's Compensation Appeal Board. In the notice of appeal filed by claimant, it is erroneously stated that the commissioner had awarded compensation benefits on the basis of fifteen per cent permanent partial disability, although at the time the award of twenty-five per cent was made claimant was correctly informed by the commissioner of the amount of the award.

The Workmen's Compensation Appeal Board entered an order at its June, 1944, session, by which the commissioner's order of March 25, 1944, was set aside and the claim remanded to the commissioner with directions to pay claimant on a basis of twenty-five per cent permanent partial disability, from which order no appeal was taken. Upon remand of the claim, the commissioner in July, 1944, entered an order closing the claim for the reason that claimant had been paid a twenty-five per cent permanent partial disability award, in accordance with the order of the board.

On October 7, 1944, the Workmen's Compensation Appeal Board entered an order reading in part as follows:

> "This cause came on again to be heard upon the record certified to the Appeal Board by the State Compensation Commissioner on the 31st day of May, 1944, and upon the order of the Board entered on the 10th day of June, 1944, in which it vacated the Commissioner's order of March 25, 1944, and remanded said cause to the Commissioner with direction to pay the claimant upon a 25% partial permanent disability basis. On consideration whereof, the Board is of opinion that an error was made in its order of June 10, 1944, in that the claimant had on December 6, 1941, been awarded a 10% permanent partial disability, and on April 14, 1942, an additional award of 15% was made, making a total award of 25% paid the claimant for the disability complained of, it does hereby vacate its said order of June 10, 1944. And

the Board being of the opinion that the claimant is entitled to an additional award of 15%, it is adjudged and ordered that the order of the Commissioner as of March 25, 1944, affirming his order of October 29, 1943, be annulled, set aside and held for naught; that said cause be remanded to the Commissioner with direction to pay the claimant on a 40% disability basis, charging him with all amounts heretofore paid to him by the Commissioner. And this shall be certified to the Commissioner.

"This order should have been entered at the June 1944 Session of the Board, and is entered now for then."

The question here for decision relates to the jurisdiction of the Workmen's Compensation Appeal Board, and it is therefore unnecessary to consider claimant's present physical condition.

Employer contends that the appeal board was without jurisdiction to enter the order above quoted, the June session of said board having ended, and the orders entered thereat having become final; and that even if jurisdiction existed no such order could be entered in the absence of notice to the employer.

Instances in which *nunc pro tunc* orders and decrees may be entered by a court of record having general jurisdiction are aptly classified as follows: "The cases calling for the exercise of this power of the courts are chiefly of two kinds: first, where no judgment was actually rendered, although one might or ought to have been; second, where a judgment was actually rendered, but never entered or put upon the records." Black on Judgments, 2d Ed., page 186; *Vance v. Railway Co.*, 53 W. Va. 338, 342, 44 S. E. 461; *Cameron v. Cameron*, 105 W. Va. 621, 623, 143 S. E. 349; Freeman on Judgments, 5th Ed., page 222; Note, 4 Am. St. Rep. 828-830. The foregoing power is inherent, exists independent of statute, and is one of the common law powers of a court. *Supply Co. v. Delmar*, 110 W. Va. 560, 564, 158 S. E. 907; Black on Judgments, 2d Ed., page 185; Freeman on Judgments, 5th Ed., page 221. This power is

based on the principle that an act, omission or delay on the part of a court should prejudice no one. Freeman on Judgments, 5th Ed., page 220. Obviously, where a litigant has done all that he can do in furtherance of his cause and has met all rules of substantive and procedural law applicable to his action, suit or proceeding, delay occasioned solely by the court or an omission to make proper entry on court records showing action by the court should not prejudice him.

Occurrences of prejudice to litigants resulting solely from delay by a court are infrequent, and all that is hereinafter said concerns only the second classification above indicated, instances of which are not unusual.

The indispensable premise for entry of a *nunc pro tunc* order is the action of the court taken at the time to which the order relates. If there was no action, entry cannot be made. *Payne* v. *Riggs,* 80 W. Va. 57, 92 S. E. 133. To hold otherwise would permit a court of record to speak contrary to fact. Certain procedural steps are prerequisite to the entry of a *nunc pro tunc* order. Reasonable notice to a party who may be adversely affected by the entry of such order or decree must be given. *Ex parte Charles W. Coon,* 81 W. Va. 532, 94 S. E. 957. A *nunc pro tunc* order is made only upon a showing of some entry or memorandum upon the records or *quasi* records of the court as evidencing its prior action, and parol evidence of the action taken is inadmissible until such entry or memorandum is produced. *Bloyd* v. *Scroggins,* 123 W. Va. 241, 15 S. E. 2d 600; *Supply Co.* v. *Delmar, supra; Cameron* v. *Cameron, supra.*

An order or decree may be modified, amended or set aside during the pendency of the term at which it is made and entered on the judgment roll, but after the end of such term no order can be made other than to correct clerical errors as permitted by Code, 58-2-3, 5. *Supply Co.* v. *Delmar, supra.*

The foregoing serves to illustrate the rigidity with which the principles relating to entry of *nunc pro tunc* orders have been applied by this Court.

The Workmen's Compensation Appeal Board is not a

court of general jurisdiction, but is an administrative board having *quasi*-judicial powers. *DeConstantin* v. *Public Service Commission*, 75 W. Va. 32, 83 S. E. 88; *Truax-Traer Coal Co.* v. *Comp. Comr.*, 123 W. Va. 621, 17 S. E. 2d 330. The board has only such powers, administrative and *quasi*-judicial, as are conferred on it by statute, and the extent thereof is defined in the statute by which it was created. Sections 2 and 3, Article 5, Chapter 137, Acts of the Legislature, 1939. We find no authority, either express or implied, which sanctions the entry of a *nunc pro tunc* order by the board. The rules of practice and procedure promulgated by the board and approved by this Court July 30, 1942, make no provision for such entry. .

If the order of October 7, 1944, could be classified as a *nunc pro tunc* entry, which it is not, and if the board had power to make such entry, which it does not have, we would of necessity set the order aside as no notice of its entry was given to the employer, nor does the record show that any evidence, written or oral, was offered to show that the board, on June 10, 1944, actually awarded compensation benefits to claimant on the basis of a forty per cent permanent partial disability. We do not wish to be understood as saying that the board cannot correct plain clerical errors and inadvertences in its orders, which do not involve *nunc pro tunc* entries. But such corrections must be made within the thirty-day period now provided for an appeal from the findings of the board to this Court. Section 4, Article 5, Chapter 104, Acts of the Legislature, 1937.

The order here considered is not a *nunc pro tunc* order. No person had suffered any prejudice by an unwarranted delay on the part of the board, and no finding was made by it on June 10, 1944, that claimant was entitled to compensation benefits on a forty per cent permanent partial disability basis. The order here considered was an attempt to make a finding on October 7, 1944, and to relate such finding back to June 10, 1944, and if the validity of such order were upheld, the employer would be deprived of the right of appeal to this Court, more than thirty days

having elapsed after June 10, 1944, before the entry of the present order.

The board apparently was of the opinion that it had committed error on June 10, 1944, but if error was actually committed it was an error of substance and is not correctable by the procedure shown by the record. So far as shown by this record, the order of October 7, 1944, was made as well as entered on that day.

In accordance with what has been said, we reverse the order of October 7, 1944, the same being void, reinstate the order entered June 10, 1944, and remand this proceeding to the board.

*Reversed and remanded.*