MONONGAHELA POWER COMPANY

v.

I. T. SHACKELFORD, *et al.*

(No. 10840)

Submitted April 24, 1957.   Decided June 11, 1957.

*O. E. Wyckoff, John B. Sabel, Ernest R. Bell,* for plaintiff in error.

*Edwin C. Runner, A. Blake Billingslea,* for defendant in error.

DUCKER, JUDGE:

This is a condemnation proceeding instituted by plaintiff, Monongahela Power Company against the defendants, I. T. Shackelford, Edgar Marion Shackelford, Ephriam Merle Shackelford and Eugene Morton Shackelford, in the Circuit Court of Taylor County, West Virginia, seeking to obtain a right of way or easement over three tracts of land owned by defendants and consisting of 44 acres, 15 acres and 2.75 acres, respectively, in Taylor County, for the construction, operation and maintenance thereon by plaintiff of an electric power line.

By an order of this Court entered on September 23rd, 1952, the Circuit Court of Taylor County was reversed in the latter's overruling defendants' demurrer to the plaintiff's petition, for the reason that plaintiff had failed to specify the width of the easement sought, as will more fully appear in the opinion of this Court as

contained in 137 W. Va. 441, 73 S. E. 2d 809, the case being therein remanded to the trial court for further proceedings. Thereafter, plaintiff filed its amended petition setting forth the need for an easement thirty-five feet in width on each side of the center line, or a total lateral width of seventy feet, for the construction, operation and maintenance thereon of a 132,000 volt electric power line, consisting of three conducting wires attached to insulators fastened on a double cross-arm 32 feet in length, bolted or anchored near the top of two sixty-five foot poles with ground or lightning shield wires attached to said poles and other devices as may be necessary, together with the right to enter upon said land of defendants as such times as may be reasonably necessary for ingress to and egress from said electric line to cut and remove any trees, limbs, undergrowth, and any possibly falling timber that may interfere with or create any hazard to the electric line; and in said amended petition plaintiff further alleged that in locating, constructing, maintaining, operating and repairing said electric line, it would not invade any dwelling house or any space within sixty feet of any dwelling house now on the land of the defendants. The record shows that the line of easement, that is the line thirty-five feet from the center line, is contiguous to a line sixty feet from the defendants' dwelling. The usual averments of plaintiff's inability to purchase the right to the easement from the defendant at a fair price and of defendants' need for and right to acquire the same, and that bond for $2000.00 to cover the payment of just compensation had been filed were also contained in the amended petition. Defendants answered the amended petition and plaintiff demurred to defendants' answer, which demurrer was partially sustained and partially overruled upon the questions hereinafter discussed. By an order entered on November 17th, 1952, the bond was increased to $4000.00, which was immediately given by plaintiff and approved by the court, and said order "authorized and permitted the plaintiff to enter upon, take possession of, appropriate and use said property or land of the defendants, herein sought to

be condemned, for the purpose stated in its petition herein, as amended, and to the extent as specified and described in said petition, as amended", and the plaintiff, immediately pursuant to the said order, put the electric line in operation by energizing it and has continued to keep it in operation since that time. Upon the submission of the issue of compensation to the defendants for the easement, the jury found the sum of $1000.00, which amount was subsequently paid by plaintiff into court, but not accepted by defendants.

On February 16, 1954, the court adjudged "that part of the easement and the rights appurtenant thereto, described in plaintiff's amended petition, which lie outside the space which is within sixty (60) feet of said dwelling house, is necessary for the purpose for which the same are sought; but that the said plaintiff shall not invade the space within sixty (60) feet of said dwelling house for any purpose whatsoever". By an order entered on February 10th, 1956, the court sustained a motion of defendants to set aside its previous order of February 16th, 1954, which entered judgment on the verdict of the jury, and to grant defendants a new trial, to which order of February 10th, 1956, this writ of error and supersedeas was granted.

As there is not involved in this writ of error the questions which were involved and decided in the previous appeal, and as the amended petition and subsequent pleadings and proceedings present all the matters now pertinent here, there appears no need for any further discussion of the issues and decision in the first appeal.

The plaintiff in error makes some nine specific assignments of error. It is unnecessary for a decision of this Court to categorically discuss them because, when analyzed, it is apparent that the real issues for consideration in determining whether the order of February 10th, 1956, which vacated the orders of November 17th, 1952 and February 16th, 1954, set aside the verdict of the jury and awarded defendants a new trial, are collectively and substantially, first, whether the plaintiff by its

amended petition could seek an easement which not only consisted of a strip of land seventy feet in width but also such appurtenant rights outside the seventy feet, (but not within sixty feet of any dwelling house) as may be necessary for ingress and egress, and the trimming of trees necessary to protect the easement; and secondly, whether the orders of the circuit court of November 17th, 1952 and February 16th, 1954, respectively, which confirmed the award to the plaintiff of the easement and possession, were appealable orders, and not having been appealed, could be vacated and set aside by the order of February 10th, 1956.

The first question requires consideration of the following provision of Section 4, Article 1, Chapter 54 of the Code of West Virginia, as amended by Chapter 60, Acts of the Legislature, 1949, which reads as follows:

"No railroad company, or other company of internal improvement, in locating and constructing its lines shall invade the dwelling house of any person, or any space within sixty feet thereof, without the consent of the owner, * * * * ".

The defendants asserted and the circuit court by its order of February 10th, 1956, held that the granting of the easement described and sought by plaintiff in its amended petition would be in excess of the power of the court and would be in violation of a positive inhibition of the law, that is, of Chapter 54, Article 1, Section 4 of the Code, as amended, that the power line and structures of plaintiff are so located that the invasion of the space of sixty feet surrounding defendants' dwelling house is presumably and necessarily required to prevent hazard to and interference with the proper operation of the power line, and that consequently such petition was defective and insufficient and that this suit could not be maintained, thus necessitating the setting aside of the verdict of the jury and the awarding of a new trial to the defendants.

Although some note is made of the fact that a witness

for plaintiff testified that in the trimming of trees to protect its line, plaintiff might have to go beyond the seventy foot easement, the plaintiff did not ask and the court did not give any right to invade the sixty foot area protected by the statute. The amended petition expressly stated that plaintiff did not seek any right to enter within that area and the court in its orders also expressly excluded the sixty foot area from the easement, thus conforming to the inhibition contained in the statute. Testimony or opinion of a witness or the opinion of the court on such a detail cannot enlarge the allegations and prayer of the pleadings. The court's order of November 17th, 1952, specifically authorized plaintiff to take the land for the purposes stated in the amended petition, and the order of February 16th, 1954, did likewise, with the express provision that plaintiff "shall not invade the space within sixty (60) feet of said dwelling house for any purpose whatsoever." Frequently a plaintiff seeks more than either the law permits or the facts warrant, but that in itself does not destroy the jurisdiction of the courts to determine such questions. Of course, if such questions are not properly decided, then anything in excess of jurisdiction will not stand. That is not the case here where both petition and judgment are not in excess of the jurisdiction of the court, and we conclude that the circuit court was not justified for that reason in holding that the plaintiff's amended petition was defective and insufficient and in violation of the inhibition of the statute. Pleadings are not vitiated by surplusage and are not demurrable for that reason. *Martin* v. *Cochran*, 94 W. Va. 432, 119 S. E. 174; *Bank* v. *Trust Co.*, 114 W. Va. 791, 794, 174 S. E. 556; *Horchler* v. *Van Zandt*, 120 W. Va. 452, 455, 199 S. E. 65. As plaintiff was given no rights within the sixty foot area around the dwelling house and was expressly restricted from any use thereof, the circuit court was not warranted in assuming that such space would be invaded by plaintiff, and particularly is this so in view of the fact that from 1952, when the line was energized, until 1956, there was no evidence of any such invasion.

The other question is whether the circuit court orders of November 17, 1952 and February 16th, 1954, could properly be set aside by the circuit court in its order of February 10th, 1956. If such orders could not have been set aside during the terms of court after which they were entered, or if either of such orders was an appealable order from which no appeal was timely taken, then the order of February 10th, 1956, would be ineffective to vacate them, set the jury award aside or grant defendants a new trial.

By the terms of the order of November 17th, 1952, the plaintiff was given the right to enter upon and take possession of the property for the purposes stated in the amended petition, and it was required to give and did give a duly approved surety bond in the sum of $4000.00, and by the order of February 16th, 1954, the court confirmed its previous finding to the effect that the easement with the rights appurtenant thereto, described in plaintiff's amended petition "* * * * is necessary for the purpose for which the same were sought". These orders were entered as vacation orders and the dates show that they were entered between different terms of court previous to the term at which the February 10th, 1956 order was entered. The latter order does not mention or purport to vacate the said two previous orders on the basis of "good cause", but mainly because it considered such orders as interlocutory and unappealable. In order for the court to change the effect of these orders, if they were not appealable, it must have done so at a subsequent term for good cause which is restricted to clerical errors or the like. *Stannard Supply Company et al.* v. *Delmar Company et al.,* 110 W. Va. 560, 158 S. E. 907; *Chaney* v. *State Compensation Commissioner et al.,* 127 W. Va. 521, 33 S. E. 2d 284, 287; *State* v. *De Berry, Judge,* 130 W. Va. 418, 43 S. E. 2d 408.

The Circuit Court having held that the orders of November 17th, 1952 and February 16th, 1954 were interlocutory, we must now determine whether such orders were appealable orders. If the same were appealable,

then they must have been appealed within eight months thereafter, in accordance with the provisions of Code 58-5-4. *Gaymont Fuel Co.* v. *Price*, 138 W. Va. 930, 79 S. E. 2d 96.

As authorized and permitted by the order of November 17th, 1952, the plaintiff, whose surety bond had been filed and approved by said order and who had by previous order taken possession of the easement property and constructed its electric power line on the easement property, put the line in operation by energizing it immediately after said 1952 order, and has since continued to operate it. Whether the orders of November 17th, 1952 and February 16th, 1954 are considered interlocutory or final is immaterial, because the plaintiff, upon the giving of the bond pursuant to the right to take possession as given, was confirmed in its right to the possession of the land for the purposes sought in the condemnation proceeding, and therefore the said two orders were appealable. *Bluefield* v. *Bailey*, 62 W. Va. 304, 306, 57 S. E. 805; *Gaymont Fuel Co.* v *Price, supra.*

As no writ of error was taken to this Court within the time prescribed by law, the subsequent order of February 10th, 1956 could not change their character or vacate or set them aside, and consequently, we are of the opinion, and so hold, that the order of February 10th, 1956, herein appealed from, was ineffectual to vacate said previous orders and to set aside the award of the jury.

We reverse the judgment of the Circuit Court of Taylor County of February 10th, 1956, and this proceeding is remanded to the Circuit Court of Taylor County with directions to reinstate the verdict of the jury and render a proper judgment in favor of the plaintiff, awarding proper costs.

*Judgment reversed, and proceeding remanded with directions.*