UNITED FUEL GAS COMPANY

*v.*

GEORGE HUFFMAN, *et al.*

(No. 13136)

Submitted January 30, 1973.        Decided March 20, 1973.

*Odell H. Huffman,* for plaintiff in error.

*H. Raymond Andrews, Jr., W. Roy Rice,* for defendants in error.

SPROUSE, JUDGE:

This case is before the Court upon a writ of error and supersedeas to the judgment of the Circuit Court of Mercer County in an eminent domain proceeding instituted by United Fuel Gas Company, as the plaintiff, against George Huffman and the other heirs of W. K. Huffman, as the defendants. By its final judgment, the trial court overruled the landowners' motion to set aside its judgment overruling a "special plea" and sustaining a demurrer to the "special plea", by which "special plea" the landowners objected to the filing of an amended petition by the condemnor reducing the amount of land taken from the landowners after entry and construction by the condemnor and after an award by the commissioners.

The landowners, the heirs of W. K. Huffman, deceased, owned approximately 27 acres in East River District in Mercer County. United Fuel Gas Company (now merged into and with Columbia Gas Transmission Corporation), at the time of the filing of its petition, was a West Virginia corporate public utility engaged in the business of selling natural gas and was empowered to condemn lands for the purpose of carrying out its public duties.

On December 30, 1969, United Fuel filed its petition to seek an easement and right of way across landowners' land, 40 feet in width and 890.04 feet in length, containing .817 of an acre. The Circuit Court of Mercer County, on that date, approved a bond of $1,000.00 and entered its order permitting United Fuel to immediately enter upon and take possession of the land. United Fuel entered upon the land and completed the construction of a 6 inch pipeline. On May 7, 1970, after the completion of the construction of the pipeline, an order was entered appointing commissioners to determine the value of the

land taken and any damages to the residue. On June 3, 1970, the commissioners awarded the landowners $4,485.00. Both the landowners and United Fuel excepted to the commissioners' award and sought a jury trial.

On September 17, 1970, United Fuel moved the circuit court for leave to amend its petition to reduce the width of its permanent easement from 40 feet to 10 feet and the acreage from .817 to .20 of an acre, thereby converting the remaining portion of the .817 of an acre into a temporary easement from the period beginning December 30, 1969, and ending with the entry of the order granting United Fuel leave to amend. On December 4, 1970, the circuit court entered an order granting United Fuel's motion to amend and on December 9, 1970, the landowners filed a "special plea" to the amended petition, objecting to the amendment on the grounds that United Fuel could not abandon the property rights already taken, and that the circuit court could not amend its original order of December 30, 1969, inasmuch as eight months had expired since the entry of that order. On December 16, 1970, the circuit court overruled the "special plea" and sustained United Fuel's demurrer.

It is, of course, well-established law that a condemnor may limit the extent of its taking to his precise requirements. *State of West Virginia by the State Road Commission v. Bouchelle,* 137 W.Va. 572, pt. 2 Syl., 73 S.E.2d 432; 3 NICHOLS, EMINENT DOMAIN, 21 (rev. 3d ed.). It is equally true that the discretion of the agency as to the quantity of the land that is necessary for public use will not be interfered with by the courts unless it has been abused. *The State Road Commission of West Virginia v. Hereford,* 151 W.Va. 526, 153 S.E.2d 501. The period of the time allowed for the condemnor to abandon a part of the land or use of a part of the land already taken is, however, not so well articulated.

In *Baltimore & Ohio Railroad Co. v. Bonafield's Heirs,* 79 W.Va. 287, 90 S.E. 869, this Court interpreted the then applicable law and held that once the commissioners

report an amount to be fair and just compensation to the landowners and the applicant paid that amount into court, title vested immediately in the applicant and the landowners' compensation must be ascertained as of that time. It was also held that after such vesting, the applicant could not abandon the use of a part of the land taken.

In *The Virginian Railway Company v. Sprague Land Company*, 121 W.Va. 595, 5 S.E.2d 618, the condemnor and the landowner negotiated an agreement which was entered of record by court order. The landowner by the agreement waived payment to him pending negotiations for settlement and permitted immediate entry by the condemnor. The condemnor entered the land under the agreement. This Court held title vested in the condemnor concurrent with such entry. The condemnor's subsequent attempt to abandon the taking by moving to dismiss the condemnation proceedings was refused by the lower court, and that ruling was affirmed on appeal.

*The Board of Education of Kanawha County v. Shafer*, 147 W.Va. 15, 124 S.E.2d 334, is cited by counsel for both parties. The holding of that case, however, is limited to the questions certified therein, which are not applicable to the issues raised in this case.

In the instant case, the condemnor completely exercised discretion as to amount of land and use it needed and took complete dominion over that portion of landowners' property when it provided security and entered upon the land. The passing of technical title is not determinative. The rationale of the *Bonafield* and *Sprague* cases require a holding that under the procedures utilized in the instant case the actual taking was complete when the condemnor provided security in the nature of a $1,000.00 bond and entered on the land pursuant to the order of December 30, 1969. The condemnor could not thereafter abandon its original taking of .817 of an acre.

There can be no doubt that the order of December 30, 1969, was an appealable order. This Court has held consistently that such orders are appealable. *Monongahela Power Company v. Shackelford,* 142 W.Va. 760, 98 S.E.2d 722; *Gaymont Fuel Co. v. Price,* 138 W.Va. 930, 79 S.E.2d 96; *Bluefield v. Bailey,* 62 W.Va. 304, 57 S.E. 805. Syllabus points 1 and 2 in *Monongahela Power Company v. Shackelford, supra,* make this clear:

> "1. In a condemnation proceeding to acquire an easement or right of way for public utility purposes, orders adjudicating the right to condemn and authorizing the condemnor to take possession of the easement property, proper bond having been given and approved, and the utility line put into operation in pursuance thereof, are final in character and such as to be reviewable by this court upon a writ of error and supersedeas if a timely application therefor is made.

> "2. 'Under Section 4, Article 5, Chapter 58, Code, 1931, no appeal can be entertained by this Court from any appealable decree, whether final or interlocutory, which has been rendered more than eight months before a petition for an appeal was presented; and no error in an appealable decree can be considered or reviewed upon an appeal from a subsequent appealable decree, which has been properly allowed by this Court, unless the petition has been presented within eight months after the prior appealable decree was rendered.' Pt. 2 syllabus, *Fuel Co. v. Price,* 138 W.Va. 930."

Such orders are final even though they retain some characteristics of being interlocutory. It is peculiar to eminent domain procedures that orders of this type may be final for one purpose and interlocutory for another. *Bluefield v. Bailey,* 62 W.Va. 304, 57 S.E. 805.

This Court has never decided, however, whether such an appealable order can be amended.

In eminent domain, the right to amend generally is controlled by Section 24, Article 4, Chapter 56 of Code, 1931. Under that section, broad discretion is allowed the

trial court in permitting the amendment of any proceedings. Section 24 specifically provides that no pleading may be amended after the final judgment or decree. Reference is made to *The State Road Commission v. Hereford,* 151 W.Va. 526, 153 S.E.2d 501, wherein this Court held that a final order may not be vacated or modified by any adjudication affecting the rights or the interests of the parties after the expiration of the term in which it is entered. See also *Pyles v. Coiner,* 152 W.Va. 473, 164 S.E.2d 435.

In eminent domain, however, that part of the proceedings relating to the taking of land becomes final upon payment or securing payment and entry. *Bluefield v. Bailey, supra; Monongahela Power Company v. Shackelford, supra.*

In *Bluefield v. Bailey, supra,* in construing a similar order, this Court said:

" * * * The order holds that the right to condemn exists, thus settling a vital principle, the right to condemn, leaving it only remaining to expressly confirm the report or have a jury to pass on the amount of compensation; in other words, all that remained of further proceeding was to execute the order by fixing compensation finally. And then, too, by Code, chapter 42, section 20, after the amount reported by the commissioners had been paid into court, notwithstanding there might be a call for new commissioners, or a jury or further proceeding, the city had right to 'take and use the land' for the purpose specified in the application. This took the possession from the owners, and allowed the character of the land to be wholly changed and converted into a street. We hold the two orders final as regards right to a writ of error. As is said of a decree in *Cocke v. Gilpin,* 1 Rob. 20, when further proceedings do but execute such decree it is final. *In this respect there is no difference between a decree and judgment; that is, its quality of finality.* This expression has been many times approved. We cannot see why such action of a court deciding

the right to condemn, appointing commissioners, receiving their report, and allowing money reported as compensation to be paid in, thus *depriving the owner of possession, is not final.* * * * " (Italics supplied.)

After such an order and entry, the landowner, as stated in *Bluefield v. Bailey, supra,* has valuable rights finally determined without any right to alter or amend. We see no reason why the condemnor should have a superior right. Limited strictly to the order here involved, this finality does not depend on entry of judgment. The order of entry in such case is equivalent to final judgment or decree as it relates to the matters contained therein and is final at the end of the term in which it is entered.

For reasons stated in this opinion, the judgment of the Circuit Court of Mercer County is reversed and remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

Judge Berry, deeming himself disqualified, did not participate in the decision of this case.