194 P.3d 988 (2008)
Kathie COSTANICH, Petitioner,
v.
WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, Respondent.
No. 80874-1.
Supreme Court of Washington, En Banc.
Argued May 13, 2008.
Decided October 30, 2008.
*989 Carol Farr, Ruth A. Stacey Moen, Leonard W. Moen & Associates, Renton, WA, Catherine Wright Smith, Valerie A. Villacin, Edwards Sieh Smith & Goodfriend PS, Seattle, WA, for Petitioner.
Michael W. Collins, Attorney General's Office, Seattle, WA, Carol A. Murphy, Attorney General's Office, Olympia, WA, for Respondent.
Sarah A. Dunne, ACLU, Seattle, WA, Amicus Curiae on behalf of American Civil Liberties Union.
Paul Marvy, Northwest Justice Project, Seattle, WA, Jennifer Elaine Bell, Northwest Justice Project, Tacoma, WA, Amicus Curiae on behalf of Northwest Justice Project.
Lisa Marie Stone, Northwest Women's Law Center, Seattle, WA, Amicus Curiae on behalf of Northwest Women's Law Center.
Kelby Dahmer Fletcher, Peterson Young Putra, Seattle, WA, Bryan Patrick Harnetiaux, Attorney at Law, Spokane, WA, Sarah *990 C. Schreck, Attorney at Law, Portland, OR, Amicus Curiae on behalf of Washington State Trial Lawyers Association.
David Ruzumna, Carly Cozine Hansen, Law Office of David Ruzumna PLLC, Seattle, WA, for Other Party (Valerie Rogan).
C. JOHNSON, J.
¶ 1 This case asks us to determine whether RCW 4.84.350, which provides a statutory cap on attorney fees, establishes a limit for each level of judicial review of an agency action or on all levels of review combined. Consistent with the purpose of the equal access to justice act (EAJA), RCW 4.84.340,.350, and .360, we hold that the statute provides a cap on attorney fees for each level of judicial review, and reverse the Court of Appeals.

FACTS
¶ 2 Under the Administrative Procedure Act (APA), chapter 34.05 RCW, Kathie Costanich sought review in superior court of an administrative ruling affirming the Department of Social and Health Services' (Department) revocation of her foster care license. The superior court reversed the Department's decision and awarded Costanich $25,000 in attorney fees, the statutory cap under RCW 4.84.350. Costanich's attorneys at this point in the appellate process had accumulated over $160,000 in attorney fees and costs.[1]
¶ 3 The Department appealed the superior court decision. The Court of Appeals affirmed the superior court but reversed the superior court's award of attorney fees. Costanich filed a motion for reconsideration, asking attorney fees be awarded by the Court of Appeals and reinstated at the superior court level, pursuant to RCW 4.84.350. The motion was granted.
¶ 4 Pursuant to RAP 18.1(d), Costanich filed an affidavit for attorney fees that went uncontested by the Department. The commissioner found Costanich's request reasonable and awarded her the $46,239 requested in attorney fees and costs. The State then filed a motion to modify the order, arguing that RCW 4.84.350 limits the total attorney fee awards on judicial review to $25,000, the amount Costanich had already been awarded by the superior court. The court granted the motion and denied Costanich attorney fees on appeal but imposed $1,000 in sanctions against the Department because this was the first time the Department had raised these arguments. Costanich then sought review by this court under RAP 13.5(b)(2), arguing that the Court of Appeals committed probable error altering the status quo and limiting her freedom to act. We granted review to resolve this issue of first impression.

ISSUES
(1) Whether the attorney fee limit provided by RCW 4.84.350(2) applies to each level of judicial review.
(2) Whether the Department waived application of the statutory cap by failing to timely object.

ANALYSIS

Statutory Cap on Attorney Fees
¶ 5 In 1995, the legislature enacted the EAJA, chapter 4.84 RCW, to ensure citizens a better opportunity to defend themselves from inappropriate state agency actions. Laws of 1995, ch. 403, § 901. The relevant statute provides that "a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees." RCW 4.84.350(1) (emphasis added). Under the statute, the reasonable attorney fees cannot exceed $25,000. RCW 4.84.350(2).[2] Although subsection (2) provides *991 for the attorney fee cap, it is the language of subsection (1) and the definition of "judicial review" that is the focal point of our inquiry in this case. The question we must answer is whether the $25,000 cap on attorney fees applies to all levels of judicial review combined or to each level separately. Both parties argue the statute is clear and by its plain meaning supports their opposing assertions.
¶ 6 A judicial review is not defined in the statute, but RCW 4.84.340 states that a judicial review is defined by chapter 34.05 RCW. Unfortunately, chapter 34.05 RCW does not actually define judicial review. The Department argues that because the statute references the entire chapter, 34.05 RCW, which uses the term "judicial review" to refer to review by the superior court, the Court of Appeals, and the Supreme Court, it is meant to encompass all levels of review combined. However, the Department does not cite to any specific subsection of chapter 34.05 RCW that suggests that these levels of judicial review are collectively the judicial review referenced in RCW 4.84.350; consequently this argument is not persuasive.
¶ 7 Without clear guidance, judicial review is susceptible to different meanings and could mean either each level of judicial review or all levels combined. Because the statute is ambiguous, we must discern and implement the legislature's intent. See Campbell v. Dep't of Soc. & Health Servs., 150 Wash.2d 881, 894, 83 P.3d 999 (2004).
¶ 8 The Department alternatively argues that even if we find the statute ambiguous, we should interpret judicial review to mean all levels of review combined. The Department cites to one case in support of its interpretation, Alpine Lakes Prot. Soc.'y v. Dep't of Natural Res., 102 Wash.App. 1, 979 P.2d 929 (1999). The court in Alpine held that an award of fees incurred at the administrative level was not appropriate under the statute and remanded the case to determine the amount of attorney fees incurred in both the superior court and the Court of Appeals. Although the court directed the trial court to ensure the attorney fees at both levels combined did not exceed the statutory cap, whether combining fees was mandated under the statute was not at issue in the case. Alpine does not support the Department's argument since in that case attorney fees were allowed for each level of court review and the $25,000 cap was not exceeded nor addressed.[3]
¶ 9 The Department argues the statute should be construed narrowly because the EAJA represents a waiver of sovereign immunity of the State with respect to attorney fees and costs. Resp't Resp. to Br. of Amici Curiae at 5 n. 2. We agree that the EAJA, similar to its federal counterpart, provides a partial waiver of sovereign immunity in allowing litigants to recover fees and costs from the State. Yet we still must ascertain the intent of the legislature within the statutory guidelines provided for us: the language and purpose of the statute.
¶ 10 The EAJA is meant to provide equal access to the courts to private litigants defending against government actions. Specifically, the legislature found that
[c]ertain individuals . . . may be deterred from seeking review of or defending against an unreasonable agency action because of the expense involved in securing the vindication of their rights in administrative proceedings. . . . The legislature therefore adopts this equal access to justice act to ensure that these parties have a greater opportunity to defend themselves from inappropriate state agency actions and to protect their rights.
Laws of 1995, ch. 403 § 901 (legislative findings). Based on this explicit statement of intent, to ensure the public has the ability to contest and appeal agency decisions and rule making, a finding that the cap is for each level of judicial review is reasonable. This decision is particularly appropriate in this *992 case where the Department appealed the superior court decision on the substantive issue and lost, forcing Costanich into the Court of Appeals proceeding, and Costanich's attorney fees at this point in the appellate process are greater than $200,000.
¶ 11 Despite this explicit legislative purpose, the Department argues that the statute taken as a whole and the legislative history reflect a purposeful decision to limit agency liability for attorney fees to $25,000 per case. First, the statute mandates that where there are two or more qualified parties, the award in total shall not exceed $25,000. RCW 4.84.350(2). This limits the liability of agencies when providing for attorney fees under the EAJA, and the Department contends this demonstrates the legislature's intent to limit liability for all levels of review combined. This conclusion does not logically follow; the legislature could have intended to limit liability for each level of review as easily as it may have intended to limit liability for all levels combined.
¶ 12 In 1996, the legislature proposed an amendment to RCW 4.84.350, which stated:
The amount awarded . . . shall not exceed:
(a) For cases involving rule validity:
(i) Twenty-five thousand dollars for superior court cases; and
(ii) Fifteen thousand dollars for appeals to the court of appeals and the supreme court; and
(b) For cases involving other agency action:
(i) Fifty thousand dollars for superior court cases; and
(ii) Fifteen thousand dollars for appeals to the court of appeals and the supreme court.
H.B. 2747 § 9(2), at 12, 54th Leg., Reg. Sess. (1996). The Department asserts that the rejection of these amendments indicates the legislature's intent to cap attorney fees for all levels of judicial review combined. However, we disagree. The legislature may have intended for this amendment to first, distinguish between cases involving rule validity and agency action, and second, reduce the award for higher level appeals rather than awarding $25,000 for each level. As pointed out by Costanich, the language in the statute uses the singular, "a court" and "the court." RCW 4.84.350(1). This language, along with the stated purpose of the EAJA, indicates legislative intent to award fees for each level of judicial review before each court.
¶ 13 The definition of "a" is "one" or "[a] single" or "[a] certain, a particular." 1 THE NEW SHORTER OXFORD ENGLISH DICTIONARY 1 (Lesley Brown ed., University Press 1993). The superior court, the Court of Appeals, and the Supreme Court are each "a" court, each with its own particular procedural rules, judges, attorneys, and fees. We read the statute to provide for these differences by designating that a court may award fees under the statute. We cannot ignore this designation by the legislature. In this case, we hold the statutory cap of $25,000 applies separately to the superior court, the Court of Appeals, and our review as well.
¶ 14 During oral argument, the Department argued our review is not included in the statutory language, which deems the attorney fee award applies to "review of an agency action" and because our review was conducted under the attorney fee statute only, Costanich should not receive attorney fees here. However, our review is necessitated only because of the initial agency action; the attorney fees in dispute are inseparable from that review. Often, a review has many interlinked pieces and an agency action may implicate possible remedies under multiple statutes. Each statute is encompassed in the review of the agency action; our review is only one part of the underlying dispute between the Department and Costanich. This does not bring the review outside the scope of the EAJA. Awarding Costanich attorney fees for our review is consistent with the statute's purpose to afford Costanich "a greater opportunity to defend [herself] from inappropriate state agency actions and to protect [her] rights." Laws of 1995, ch. 403, § 901. A denial of attorney fees to Costanich at this level would undermine the core purpose of the EAJA.
¶ 15 The general rule is that time spent on establishing entitlement to a court awarded attorney fee is compensable where the fee shifts to the opponent under fee *993 shifting statutes. Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wash.2d 364, 378, 798 P.2d 799 (1990). The only reason Costanich is involved in our review here is because of the initial agency action; without that, any debate over attorney fees would be unnecessary. Therefore, our review triggers the statutory cap under RCW 4.84.350 and Costanich is entitled to any attorney fees and expenses related to this court's review up to $25,000.

Waiver
¶ 16 Although we find a qualified party may be awarded up to $25,000 for each level of judicial review, Costanich urges us to find the Department waived its right to contest the Court of Appeals' original grant of fees. Because of this waiver, Costanich argues, she should receive the full amount originally awarded, $46, 239. RAP 18.1(e) provides that a party must object to a request for fees within 10 days after service of the affidavit of fees and expenses. The Department argued for the first time that an award of appellate fees was barred by RCW 4.84.350's statutory cap in a motion to modify filed July 12, 2007, 22 days after the award by the court. Costanich argues that the Court of Appeals erred in granting this untimely motion, and under the RAP, it should have granted the motion only if it found "extraordinary circumstances" and a necessity "to prevent a gross miscarriage of justice." RAP 18.8(b).
¶ 17 Courts only have the authority to award attorney fees as granted by statute. By asking us to find a waiver in this situation, we are asked to find the court has powers exceeding those statutory limits. This expansion would be too contrary to the express statutory language; we find the Department cannot waive the statutory cap on attorney fees and is only liable for the statutory cap, $25,000, for the Court of Appeals' review.

CONCLUSION
¶ 18 We hold that RCW 4.84.350 provides a statutory cap for each level of judicial review of an agency action and the Department did not waive its right to argue the statutory cap at the Court of Appeals. In addition, we hold that our review falls within the scope of the statute and thus, Costanich is entitled to $25,000 in attorney fees at both the superior court and the Court of Appeals, and up to $25,000 for review by our court as well.
WE CONCUR: CHAMBERS, OWENS, FAIRHURST and STEPHENS, JJ.
MADSEN, J. (concurring/dissenting).
¶ 19 I agree with the majority that the statutory cap on attorney fees under RCW 4.84.350 applies to each level of judicial review. However, I agree with the dissent that the statute does not apply to our review of the Court of Appeals' decision in this case. RCW 4.84.350(1) authorizes reasonable attorney fees only for "a qualified party that prevails in a judicial review of an agency action." (Emphasis omitted.) Kathie Costanich did not come before us to challenge an agency action. She challenges only the Court of Appeals' order limiting her entitlement to attorney fees under RCW 4.84.350(1). Because the Court of Appeals' construction of RCW 4.84.350 is not an "agency action" within the meaning of that statute, I would hold that Costanich is not entitled to attorney fees for judicial review in this court.
¶ 20 As Costanich argues, the legislative intent of the equal access to justice act (EAJA) is to facilitate challenges to unreasonable agency actions by providing reasonable attorney fees to the prevailing party. In this case, Costanich is entitled to attorney fees because she successfully challenged the Department of Social and Health Services' revocation of her foster care license, an action the trial court determined was not "substantially justified." RCW 4.84.350(1).[1] *994 Costanich prevailed before the superior court and again at the Court of Appeals. She is entitled to a separate assessment of attorney fees for each level of review of the agency action. However, she is not entitled to attorney fees for our review because the only issue on review is the Court of Appeals' construction of the statutory attorney fee provision. RCW 34.05.010(2) defines "[a]gency" as "any state board, commission, department, institution of higher education, or officer, authorized by law to make rules or to conduct adjudicative proceedings, except those in the legislative or judicial branches." (Emphasis added.) A court is not an "agency," and a court's application of a statutory attorney fee provision is not an "agency action." Costanich's petition for review to this court is for review of a lower court's interpretation of a statute, not for review of a lower court's ruling on an agency action.
¶ 21 As the majority itself notes, "the EAJA . . . provides a partial waiver of sovereign immunity in allowing litigants to recover fees and costs from the state." Majority at 991. As waivers of sovereign immunity are to be strictly construed in favor of the sovereign, United States v. Nordic Village, Inc., 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992), statutory waivers, such as the partial waiver in the EAJA, should not be enlarged beyond what the language of the statute requires. Klickitat County v. State, 71 Wash.App. 760, 765, 862 P.2d 629 (1993) ("When the government consents to be sued, the waiver is strictly construed and not enlarged beyond what the language requires.").
¶ 22 Thus, I cannot agree with the majority that a statute authorizing attorney fees for judicial review of an "agency action" applies when the only issue reviewed is a prevailing party's entitlement to attorney fees. The scope and availability of statutory attorney fees is determined by a court, not an agency. RCW 4.84.350(1) ("Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses." (Emphasis added.)) A judicial interpretation of an ambiguous attorney fee provision is not among the "inappropriate state agency actions" the EAJA was intended to remedy.
¶ 23 It is well established a court may award attorney fees for only that portion of the lawsuit for which attorney fees are authorized. See generally 14A Karl B. Tegland, WASHINGTON PRACTICE: CIVIL PROCEDURE § 37.16 (2003) (collecting cases). When only some portion of the lawsuit supports an award of attorney fees, a court must segregate, to the extent possible. Kastanis v. Educ. Employees Credit Union, 122 Wash.2d 483, 859 P.2d 26, 865 P.2d 507 (1993) (trial court erred by failing to segregate where plaintiff prevailed on one of four claims); Nordstrom v. Tampourlos, 107 Wash.2d 735, 744, 733 P.2d 208 (1987) (CPA (Consumer Protection Act, chapter 19.86 RCW) plaintiff not entitled to attorney fees for aspects of suit unrelated to CPA violation); Sing v. John L. Scott, Inc., 83 Wash.App. 55, 920 P.2d 589 (1996) (time spent on consumer protection and tort claims should have been segregated for purposes of awarding attorney fees), rev'd on other grounds, 134 Wash.2d 24, 948 P.2d 816 (1997). Only when segregation is impracticable may a court award attorney fees encompassing claims for which such fees are not otherwise available. Kastanis, 122 Wash.2d at 502, 859 P.2d 26.
¶ 24 The majority considers the attorney fee dispute "inseparable" from the agency action. Majority at 992. I disagree. The issue of attorney fees is a separate issue from the agency action that necessitated judicial review. Because the attorney fee dispute is the only issue on review, it can be readily segregated.
¶ 25 The EAJA allows attorney fees only to a party who prevails in a judicial review of an agency action. The Court of Appeals' ruling on Costanich's entitlement to statutory attorney fees is not an agency action. I would hold, therefore, that Costanich is not entitled to attorney fees for our review of the Court of Appeals' decision.
*995 SANDERS, J. (concurring in part, dissenting in part).
¶ 26 I concur in the majority's interpretation of RCW 4.84.350 as applying separately to each level of judicial review. I disagree, however, with the majority's holding the Department of Social and Health Services (DSHS) cannot waive its right to contest the Court of Appeals original award of $46,239. Majority at 993. Under our rules DSHS's failure to object to the sought amount of fees pursuant to RAP 18.1(e) waived its right to challenge the awarded amount. Finality and certainty of judicial action takes precedent over untimely filings regardless of the merits of the filing. See RAP 18.8(b); see also Schaefco v. Columbia River Gorge Comm'n, 121 Wash.2d 366, 368, 849 P.2d 1225 (1993).
¶ 27 The complex procedural posture requires a brief recitation of the relevant facts. The Court of Appeals initially reversed the superior court's award of $25,000 in fees and did not address Kathie Costanich's fees on appeal. Costanich timely filed a motion for reconsideration, asking the court to reinstate the superior court's award of fees and to award additional fees on appeal. Responding to Costanich's motion for reconsideration, DSHS never raised any issue of the statutory cap on fees, even though the statutory maximum was awarded by the superior court.
¶ 28 On March 3, 2007, the Court of Appeals reconsidered its decision, reinstated the superior court's award of fees, and awarded Costanich additional fees. DSHS did not seek reconsideration of this decision under RAP 12.4(h); DSHS did not seek this court's review under RAP 13.4; and when Costanich timely submitted the fee affidavit to request additional fees totaling $46,239, DSHS did not object.
¶ 29 On June 22, 2007 the commissioner of the Court of Appeals awarded Costanich $46,239 in additional fees. On July 12, 2007, DSHS objected to the award of additional appellate fees in its motion to modify the commissioner's ruling, arguing for the first time RCW 4.84.350 precluded any award of additional fees.
¶ 30 RAP 18.1 sets forth the strict procedures for recovery of reasonable attorney fees to a prevailing party. "If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review before either the Court of Appeals or Supreme Court, the party must request the fees or expenses as provided in this rule. . . ." RAP 18.1(a). "The party must devote a section of its opening brief to the request for the fees or expenses." RAP 18.1(b). "Within 10 days after the filing of a decision awarding a party the right to reasonable attorney fees and expenses, the party must serve and file in the appellate court an affidavit detailing the expenses incurred and the services performed by counsel." RAP 18.1(d).
A party may object to a request for fees and expenses filed pursuant to section (d) by serving and filing an answer with appropriate documentation containing specific objections to the requested fee. The answer must be served and filed within 10 days after service of the affidavit of fees and expenses upon the party.
RAP 18.1(e) (emphasis added).
¶ 31 This court requires strict compliance with RAP 18.1 for a prevailing party to recover reasonable attorney fees. See, e.g., Zuver v. Airtouch Commc'ns, Inc., 153 Wash.2d 293, 321 n. 21, 103 P.3d 753 (2004). By logical extension, opposing an award of reasonable attorney fees requires strict compliance with RAP 18.1. RAP 18.1 applies to government and private parties alike.
¶ 32 DSHS had 10 days to file "specific objections to the requested fee." RAP 18.1(e). Yet DSHS never objected to the requested fee. Therefore, it should not be permitted to maintain an untimely objection now. Failure to argue an issue constitutes waiver of that issue. See, e.g., Escude ex rel. Escude v. King County Pub. Hosp. Dist. No. 2, 117 Wash.App. 183, 190 n. 4, 69 P.3d 895 (2003) ("It is well settled that a party's failure to assign error to or provide argument and citation to authority in support of an assignment of error . . . precludes appellate consideration of an alleged error." (citation omitted)).
¶ 33 The majority holds DSHS can never waive the statutory cap on attorney fees, implying the statutory limit is a jurisdictional *996 matter. Majority at 993. I disagree. RCW 4.84.350(2) limits the award of reasonable attorney fees to $25,000 per level of judicial review. However, RCW 4.84.350(2) does not limit the court's jurisdiction to grant an award; "a plaintiff frequently seeks more than the law permits, but that in itself does not destroy jurisdiction; it merely limits the effective relief the court can properly grant." Silver Surprize, Inc. v. Sunshine Mining Co., 74 Wash.2d 519, 523, 445 P.2d 334 (1968) (citing Monongahela Power Co. v. Shackelford, 142 W.Va. 760, 98 S.E.2d 722 (1957)).
¶ 34 In other words the limit on fees the court can properly impose may be waived by an agency's action or inaction. DSHS failed to object to the amount of fees Costanich requested pursuant to RAP 18.1(e). DSHS's inaction waived its right to the lesser statutory amount. The government must live by the same rules as any private party.
¶ 35 The majority holds otherwise so I dissent.
WE CONCUR: J.M. JOHNSON, Justice.
ALEXANDER, C.J. (dissenting).
¶ 36 The majority correctly points out that pursuant to RCW 4.84.350(1), "a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees." The reasonable attorney fees cannot, however, exceed $25,000. RCW 4.84.350(2). The majority concludes that the $25,000 limit on attorney fees applies at each level of judicial review and is not a cap applicable to the judicial review in its entirety. For reasons set forth hereafter, I disagree with that conclusion.
¶ 37 To resolve the question of whether the statutory limit on attorney fees applies to each level of review, we need to look first at subsections (1) and (2) of RCW 4.84.350. As noted above, the latter subsection indicates that "[t]he amount awarded a qualified party under subsection (1) of this section shall not exceed twenty-five thousand dollars." RCW 4.84.350(2). Because subsection (1) of RCW 4.84.350, which is referred to in subsection (2), provides for attorney fees to the prevailing party, "in a judicial review of an agency action," it is readily apparent that the cap of $25,000 applies to the "judicial review." RCW 4.84.340(4) provides that "`[j]udicial review'" is defined by chapter 34.05 RCW, this state's Administrative Procedure Act (APA). Since under the APA judicial review encompasses review at the superior court, Court of Appeals, and Supreme Court levels, it follows, logically, that the $25,000 cap on an award of attorney fees applies to the collective judicial review of agency action. Indeed, Division One of the Court of Appeals has acted consistent with that view in Alpine Lakes Protection Society v. Department of Natural Resources, 102 Wash.App. 1, 20, 979 P.2d 929 (1999), a case in which it remanded to the superior court to determine the attorney fees incurred at the superior court and the Court of Appeals in an amount not in excess of the statutory cap.
¶ 38 The majority acknowledges that RCW 4.84.350 can be read in a way that is consistent with the view that I have expressed in this dissent. It nevertheless concludes that the term "judicial review" is susceptible to different meanings and is, therefore, ambiguous. The majority resolves this perceived ambiguity in favor of Kathie Costanich based on a theory that applying the cap on attorney fees to each level of judicial review is more consistent with the legislature's intent in enacting the equal access to justice act, RCW 4.84.340. While the majority correctly determines that the EAJA was adopted "to ensure that [individuals] have a greater opportunity to defend themselves from inappropriate state agency actions and to protect their rights" (LAWS OF 1995, ch. 403, § 901), that does not mean that these goals can be achieved only if the award of attorney fees to the prevailing party is equivalent to 100 percent of the fees that party is seeking. It goes without saying that an award of fees in the amount of $25,000 is not insignificant and would not only constitute full reimbursement in many, if not most, cases but would be a great aid to anyone who is seeking on review to have their rights in administrative proceedings vindicated.
¶ 39 The principal reason for my disagreement with the majority is that it resolves what it concludes is an ambiguity in a statute relating to the awarding of attorney fees by viewing that statute broadly based on what it *997 divines was the intent of the legislature. In my judgment, the statute should be viewed narrowly, not broadly. I say that because a statute providing for an award of attorney fees is in derogation of the common law rule, the so-called "American rule," that each party pays his or her own attorney fees. On this precise point we have held that the legislature's intent to replace the American rule relating to attorney fees must be explicit and that such statutes will not be construed to be in derogation of the common law unless the legislature "`has clearly expressed its intention to vary it.'" Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont, Inc., 159 Wash.2d 292, 303, 149 P.3d 666 (2006) (quoting Price v. Kitsap Transit, 125 Wash.2d 456, 463, 886 P.2d 556 (1994)). Here, we have what the majority concedes is an ambiguous statute relating to the award of attorney fees. And yet the majority chooses to view it broadly based on legislative findings that are not part of the statute and that can arguably be read as supporting the position of each party to this case. The better course, in my opinion, is to view the statute narrowly absent a clear expression by the legislature to do otherwise. There is no such clear expression.
¶ 40 Finally, I must observe that even if the majority is correct in holding that the cap applies to all levels of judicial review, there should be no recovery by Costanich for judicial review at this court. I say that because we have not been called upon by either party to review an "action" by an "agency." We have been asked only to review the decision of the Court of Appeals limiting Costanich's attorney fees to the $25,000 cap set forth in RCW 4.84.350(2).[1]
¶ 41 I dissent.
NOTES
[1] This was the amount stated by petitioner during oral argument on May 13, 2008.
[2] RCW 4.84.350(2) provides: "The amount awarded a qualified party under subsection (1) of this section shall not exceed twenty-five thousand dollars. Subsection (1) of this section shall not apply unless all parties challenging the agency action are qualified parties. If two or more qualified parties join in an action, the award in total shall not exceed twenty-five thousand dollars. The court, in its discretion, may reduce the amount to be awarded pursuant to subsection (1) of this section, or deny any award, to the extent that a qualified party during the course of the proceedings engaged in conduct that unduly or unreasonably protracted the final resolution of the matter in controversy."
[3] The superior court had awarded $7,500 in fees and $1,149.74 in expenses; the amount of fees for the Court of Appeals level had not been determined. Alpine, 102 Wash.App. at 20, 979 P.2d 929.
[1] Notably, attorney fees are appropriate only when the agency action was not "substantially justified." RCW 4.84.350(1). An agency action is "substantially justified" if it is justified to a degree it would satisfy a reasonable person. Silverstreak, Inc. v. Wash. State Dep't of Labor & Indus., 159 Wash.2d 868, 154 P.3d 891 (2007). This lends further support to the conclusion the legislature did not intend to award attorney fees when the only issue on review involves the construction of an ambiguous statute, an issue that necessarily presents a question on which reasonable minds may differ.
[1] The majority says that the Court of Appeals failed to address attorney fees. This is incorrect. In its opinion affirming the trial court, the Court of Appeals indicated that it was affirming the attorney fee award and was awarding Costanich fees on appeal. A commissioner at the Court of Appeals thereafter awarded Costanich attorney fees of $46,239. The State then filed a motion to modify the commissioner's award, arguing that RCW 4.84.350 limits the total attorney fee award to $25,000, the amount Costanich had been awarded at the superior court. The Court of Appeals granted this motion but sanctioned the State in the amount of $1,000 for making its argument on the calculation of attorney fees in a motion to modify the court commissioner's attorney fee calculation.